**Maurieth SLADER and Karen Miller, Plaintiffs,**

v.

**PEARLE VISION INC., Defendant.**

**No. 00 Civ. 2797(JSR).**

United States District Court, S.D. New York.

Feb. 13, 2001.

Joshua Friedman, Dennin & Friedman, LLP, New York City, for plaintiffs.

Robert M. Wolff, Richard C. Hubbard, III & Bradley A. Sherman, Duvin, Cahn & Hutton, Cleveland, OH, for defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

The Clerk of the Court entered final judgment in favor of defendant on November 27, 2000. Thereafter, defendant moved, on December 19, 2000, for those attorneys' fees and transcript costs incurred in defending against plaintiff Miller, whose case had been dismissed without opposition. Plaintiff submitted opposing papers. Upon review, the Court now denies the motion for attorneys' fees and grants the motion for costs.

The motion for attorneys' fees is denied as untimely. Federal Rule of Civil Procedure 54(d) requires that motions for "attorneys' fees and related nontaxable expenses" be filed "no later than 14 days after entry of judgment" unless otherwise provided by statute or order of the court. The statute under which defendant here seeks attorneys' fees, 42 U.S.C. § 1988, does not provide any other time limit, nor does any order of the court. While defendant also purports to rely on Local Civil Rule 54.1 of the Southern District of New York, that only allows a motion for taxable costs to be filed within 30 days of judgment, and makes expressly clear, as does Fed.R.Civ.P. 54(d) itself, that attorneys' fees are not taxable costs. *See* Fed.R.Civ.P. 54(d)(2)(A); Local Civ.R. 54.1(c)(7). Given the normal American presumption against the shifting of attorneys' fees, as well as the strong interest in the finality of judgments, the mandatory 14–day limit for seeking attorneys' fees should not be lightly disturbed, and defendant has offered no good reason why it should not be enforced here.

Conversely, Fed.R.Civ.P. 54(d)(1), in accordance with traditional American practice, provides that taxable costs, *i.e.*, "costs other than attorneys' fees," shall be "allowed as of course to the prevailing party," and Local Civil Rule 54.1(a) not only permits a request for such costs to be filed within 30 days of the entry of judgment but also specifies that taxable costs include "[c]osts for depositions ... if they were used by the court in ruling on a motion for summary judgment or other dispositive substantive motion." *See* Local Civil Rule 54.1(c)(2).

Here, it was only after defendant took Ms. Miller's deposition and moved for summary judgment against her that plaintiff chose not to oppose dismissal of her claims (even though they bordered on the frivolous). While plaintiffs' counsel alleges in largely conclusory fashion that payment of the total of $1,344.82 in taxable costs would work an undue hardship on plaintiff Miller, who has limited means, the Court is unpersuaded that Ms. Miller cannot pay these modest costs.

Accordingly, the motion for attorneys' fees is denied, but the Clerk is directed to tax costs in the amount of $1,344.82 against plaintiff Miller.

SO ORDERED.