Dated: Aug. 1, 2002.

**MATTEL, INC., Plaintiff,**

v.

**RADIO CITY ENTERTAINMENT, A Division of Madison Square Garden, LP., Goldberger Doll Manufacturing Co., and Radio City Productions, L.L.C., Defendants.**

**No. 00 Civ. 6272(JSR).**

United States District Court,
S.D. New York.

Oct. 21, 2002.

William Dunnegan, Perkins & Dunnegan, Attorneys at Law, New York City, for plaintiff.

Michael Aschen, Abelman, Frayne & Schwab, Attorney at Law, New York City, for Radio City Entertainment.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

By letter dated September 24, 2002, defendant Radio City Entertainment, A Division of Madison Square Garden, LP. ("Radio City") sought leave to file a motion for attorneys' fees under section 505 of the Copyright Act, which provides for a discretionary award of costs, including attorneys' fees, to the "prevailing party." *See* 17 U.S.C. § 505. The Court, by Order dated September 27, 2002, denied the application as untimely; judgment had been entered in favor of Radio City on August 6, 2002 and Radio City's application was not made until approximately seven weeks thereafter. *See* Fed.R.Civ.P. 54(d)(2)(B) (requiring motion for attorneys' fees to be filed and served no later than fourteen days after entry of judgment, unless otherwise provided by statute or order of the court).

By letter dated October 3, 2002, Radio City moved for reconsideration of the September 27 Order, arguing, *inter alia,* that the failure of plaintiff Mattel, Inc. ("Mattel") to respond to the September 24 application indicated acquiescence by plaintiff in the untimely filing. Thereafter, the Court, having received no objection from plaintiff to the motion for reconsideration, granted it by Order dated October 7, 2002.

Upon receipt of the October 7 Order, however, counsel for Mattel wrote to the Court, on October 11, 2002, and indicated that, having recently relocated to new premises, he had not received either of Radio City's prior letters, and that, in actuality, Mattel did oppose Radio City's application as untimely. The Court thereupon convened a telephone conference with the parties on October 15, 2002 and heard argument on Radio City's original application, followed by written submissions. Upon consideration thereof, the Court vacates its Order of October 7, 2002 and reconfirms its original determination of September 27 that Radio City's application for leave to move for attorneys' fees should be denied as untimely.

As noted, Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure prescribes a tight time limit for any motion for attorneys' fees, to wit, within 14 days of the entry of judgment. The shortness of the period itself bespeaks an intent to limit such motions. Nevertheless, a court may occasionally permit an untimely filing upon a showing of "excusable neglect." *See* Fed.R.Civ.P. 6(b)(2); *LoSacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir.1995). In *Pioneer Investment Services Co. v. Brunswick Assoc.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court explained that, in assessing whether a showing of excusable neglect has been made with respect to such an application, a court should consider "the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. 1489; *see also Adams v. Rivera,* 13 F.Supp.2d 550, 551 (S.D.N.Y.1998). The Sec-

ond Circuit, however, has read *Pioneer,* narrowly, as precluding a grant of an extension in cases where the movant merely failed to follow "the clear dictates of a court rule," and has suggested that where a court rule is clear, a claim of excusable neglect must, "in the ordinary course," be rejected. *See Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250–51 (2d Cir.1997); *see also Slader v. Pearle Vision Inc.,* 199 F.R.D. 125, 126 (S.D.N.Y.2001) ("Given the normal presumption against the shifting of attorneys' fees, as well as the strong interest in the finality of judgments, the mandatory 14–day limit for seeking attorneys' fees should not be lightly disturbed....").

In the October 15 telephone conference, counsel for Radio City candidly admitted that the reason he had failed to file within the 14–day limit was that he had overlooked or forgotten about Rule 54(d)(2)(B). *See* Fed. R.Civ.P. 54(d)(2)(B). As the *Canfield* case indicates, such inadvertence does not, in the usual case, constitute excusable neglect. *See Canfield,* 127 F.3d at 251. Given the care with which Radio City's counsel had followed other developments in this case, *see* letter dated October 3, 2002 from Michael Aschen, Esq. (outlining his efforts to ensure the Clerk entered judgment in a timely fashion), his inadvertence with respect to the time limit is rendered even less excusable.

Moreover, counsel for Mattel has represented to the Court that Radio City's failure to file a motion for attorneys' fees within fourteen days of judgment was taken into account by Mattel in its consideration of whether or not to appeal the judgment. *Cf. Blissett v. Casey,* 969 F.Supp. 118, 124 (N.D.N.Y.1997) (excusing delay in filing for attorneys' fees in part because defendants still had ten days from receipt of motion in which to decide whether to file an appeal). While any alleged prejudice resulting therefrom may be speculative in this case, Radio City has offered no material countervailing reason to excuse its neglect.

For the foregoing reasons, the Court vacates its Order of October 7, 2002 and reconfirms its prior determination that Radio

506

City's motion for attorneys' fees must be denied as untimely.

SO ORDERED.