**In re Robert F. CALLAHAN, Debtor.**

**Christina ROMAS, as assignee of Stavroula Romas, Plaintiff–Appellant,**

**v.**

**Robert F. CALLAHAN, Defendant–Appellee.**

**No. 97–CV–0699.**

United States District Court, N.D. New York.

July 31, 1997.

Angelo Peter Romas, Endicott, NY, for Plaintiff–Appellant.

Michael E. Osborn, Levene, Gouldin & Thompson, Binghamton, NY, for Defendant–Appellee.

## MEMORANDUM-DECISION & ORDER

KAHN, District Judge.

On March 25, 1997 appellant filed a notice of appeal from an order entered in the United States Bankruptcy Court for the Northern District of New York in Utica, New York on March 20, 1997. That order dismissed the appellant's complaint following a trial in an adversary proceeding in the above Chapter 7 proceeding in which the appellant objected to the debtor's discharge under § 727(a) of the Bankruptcy Code. On April 4, 1997 the appellee filed an election to remove the appeal from the United States Bankruptcy Appellate Panel Service to have the appeal heard here. On April 7, 1997 appellant's counsel was called by the Clerk of the Bankruptcy Court and advised of the necessity to file a designation of the items to be included in the record and a statement of the issues presented on the appeal. The appeal was ordered transferred to this Court by order entered April 8, 1997.

On May 7, 1997 appellant filed the first of the two motions before the Court which seeks permission to file a designation of the items to be included in the record and a statement of the issues presented on the appeal. The appellee cross-moves to dismiss the appeal. The Court heard oral argument on July 18, 1997 and reserved decision.

Bankruptcy Rule 8006 provides, in part:

Within 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

\*   \*   \*   \*   \*   \*

Fed.R.Bankr.P. 8006.

■ There is no question that appellant has failed to file a designation of the record and a statement of the issues within the 10 day period provided by the rule. Rule 9006(b)(1)(2) provides that "on motion made after the expiration of the specified period [the court may] permit the act to be done where the failure to act was the result of excusable neglect." Fed.R.Bankr.P. 9006(b)(1)(2). In making this determination the court should consider all relevant circumstances including: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). If the appellant fails to make the required showing, the district court may, in its discretion, dismiss the appeal. Fed. R.Bank.P. 8001(a). *In re U.S. Product Corp.*, No. 96–CV–0401, 1996 WL 172675 at *1 (N.D.N.Y. April 10, 1996).

The record is silent as to the prejudice to the debtor other than the prejudice that enures from protracted proceedings. The debtor-appellee first filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on December 8, 1993. This petition was dismissed without prejudice on March 29, 1995. On June 21, 1995, the debtor-appellee filed a Chapter 7 petition which. The present status of this proceeding, from which the instant appeal arises, is not clear from the record. It is clear, however, that the plaintiff's failure to timely satisfy the requirements of Rule 8006 and the instant motion practice occasioned thereby, have served to lengthen what are already protracted judicial proceedings.

The appellee does not offer a satisfactory excuse for failing to comply with Rule 8006. Counsel may not claim that he was unaware of the requirement to file a designation of the record and a statement of the issues on appeal. Indeed, he was reminded of his duty by the Clerk of the Bankruptcy Court. He explains that he failed to make the filing because he was confused as to the procedure to follow by reason of the case being transferred to district court. Counsel further explains that his preoccupation with his income

taxes and his lack of a federal library prevented him from doing any research on the question until after the 10 days had expired. It is quite clear that the failure to properly perfect the appeal lies solely with movant's counsel. Counsel's alleged preoccupation with his income taxes is not a reasonable excuse. Further, appellee's good faith is not particularly evident considering that the instant motion was not filed until May 27, 1997, over two months after the notice of appeal was filed.

Accordingly, it is hereby

ORDERED that the plaintiff-appellant's motion is DENIED; and it is further

ORDERED that the defendant-appellee's cross-motion is GRANTED; and it is further

ORDERED that the appeal is DISMISSED; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.