SUMMARY ORDER
AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby VACATED AND REMANDED.
Debtor-Appellant Robert Julian Burton, pro se, appeals from two orders of the United States District Court for the Southern District of New York entered on January 2, 2003 and April 2, 2003. The January 2, 2003 order denied Burton’s motion, made pursuant to Federal Rule Civil Procedure 60(b), to vacate the default judgment entered against him for his failure to perfect his appeal of an adverse judgment of the bankruptcy court. The April 2, 2003 order denied Burton’s motion, made pursuant to Federal Rule of Civil Procedure 59(a), to reargue the January 2, 2003 order dismissing his bankruptcy appeal.
In its January 2, 2003 order, the District Court stated:
On September 13, 2002, I dismissed this appeal as abandoned because the would-be appellant failed to perfect the appeal as required by the Federal Rules of Bankruptcy Procedure. The parties treat the dismissal of the bankruptcy appeal as if it were a default judgment. Accordingly, it is appropriate to apply the standard for vacating a default judgment under Fed.R.Civ.P. 60(b)(1) to determine whether Burton can revive the appeal.
Memorandum Order, 02 Civ 6982 (S.D.N.Y. Dec. 30, 2002) (emphasis added). Because the standard for vacating a default judgment under Federal Rule Civil Procedure 60(b)(1) is not the correct standard for reviewing a dismissal of a bankruptcy appeal for failure to perfect the appeal in conformity with the Federal Rules of Bankruptcy Procedure, we vacate the January 2, 2003 order and remand for analysis of Burton’s motion to vacate the *335 dismissal of his bankruptcy appeal under the proper standard.
Bankruptcy Rule 8001(a) states that “[fjailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal.” In the context of dismissals for failure to abide by the bankruptcy code’s procedural rules,
Rule 9006(b)(l)(2) provides that “on motion made after the expiration of the specified period [the court may] permit the act to be done where the failure to act was the result of excusable neglect.” Fed. R. Bankr.P. 9006(b)(l)(2). In making this determination the court should consider all relevant circumstances including: “the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.” Pioneer Investment Services Co. v. Brunswick Associates Ltd., 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). If the appellant fails to make the required showing, the district court may, in its discretion, dismiss the appeal. Fed. R. Bank. P. 8001(a). In re U.S. Product Corp., No. 96-CV-0401, 1996 WL 172675 at *1 (N.D.N.Y. April 10, 1996).
In re Callahan, 211 B.R. 131, 132 (N.D.N.Y.,1997). In order for a district court to dismiss a bankruptcy appeal for failure to prosecute it must determine that such failure was “inexcusable.” See, e.g., In re Tampa Chain Co., Inc., 835 F.2d 54, 56 (2d Cir.1987) (per curiam) (appellant failed to file a brief for seven months after the due date and provided no explanation or excuse for that delay); In re Callahan, 211 B.R. at 132-33 (attorney’s professed “confusion” over procedure for filing, and his preoccupation with filing his personal income taxes were inexcusable); French Bourekas Inc. v. Turner, 199 B.R. 807, 815 (E.D.N.Y.1996) (dismissing appeal for failure to timely file designations where there was a history of bad faith and dilatoriness).
Because the District Court analyzed the motion under the standard for vacating a default judgment, it analyzed, inter alia, whether Burton’s failures were “willful” rather than “excusable,” concepts which may be, but are not necessarily identical.** Even were the law to enable us to equate the two standards, the District Court made no factual findings in support of its finding that Burton had “failed to demonstrate that his default was not willful.” Thus, we are unable, on the current record, to determine whether the District Court abused its discretion in determining that Burton had failed to demonstrate that his default was not willful, or excusable. For these reasons, we vacate the January 2, 2003 order and remand for analysis under the proper standard.
We further determine that, in light of our disposition of Burton’s appeal of the District Court’s January 2, 2003 order, his appeal from the District Court’s denial of his motion for reargument has been rendered moot.
We have considered all of Burton’s contentions on appeal and find them to be without merit or irrelevant to the matters before us. The January 2, 2003 judgment
*336 of the District Court is hereby VACATED AND REMANDED.

 We note also that the District Court’s inquiry into the merits of Burton’s underlying appeal was not necessary for a determination that dismissal was proper under Fed. R. Bank. P. 8001(a).