**In re Robert Julian BURTON, Debtor.**

**Robert Julian Burton, Appellant,**

v.

**Alexander Schachter, Appellee.**

**No. 02 Civ. 6982(MGC).**

United States District Court,
S.D. New York.

Oct. 15, 2004.

Robert J. Burton, New York City, Appellant, pro se.

Alexander Schachter, Law Office of Alexander Schachter, New York City, Chapter 7 Trustee.

## MEMORANDUM OPINION

CEDARBAUM, Judge.

On January 2, 2003, I denied appellant Robert Burton's motion to vacate the dismissal of his bankruptcy appeal. *Burton v. Schachter,* 02 Civ. 6982, 2003 WL 40472 (S.D.N.Y. Jan. 2, 2003). The Second Circuit vacated and remanded that order for further consideration of whether Burton's failure to perfect his appeal was the product of "excusable neglect." *Burton v. Schachter,* No. 03–5026, 2004 WL 1179253 (2d Cir. May 27, 2004).

Pursuant to Federal Bankruptcy Rule 8006, within 10 days of filing a notice of appeal, the appellant must file with the bankruptcy court clerk and serve on the appellee, a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Fed.R.Bankr.P. 8006. Although the time limitations imposed by Rule 8006 are not jurisdictional, and automatic dismissal is

not required, the district court may exercise its discretion and dismiss the appeal where appropriate. *See In re Tampa Chain Co.*, 835 F.2d 54, 55 (2d Cir.1987); *In re MacInnis*, No. 98 Civ. 2894, 1998 WL 409726, at *3 (S.D.N.Y. Jul. 21, 1998); Fed.R.Bankr.P. 8001(a). On motion after the expiration of the relevant deadline, the court may permit late filing "where the failure to act was the result of excusable neglect." Fed.R.Bankr.P. 9006(b)(1). A court should consider all relevant circumstances when applying the "excusable neglect" standard, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

On May 20, 2002, Burton filed a timely notice of appeal from an order of the bankruptcy court. For the next three and a half months, he failed to file a designation of items and statement of issues with the bankruptcy court as required. As Burton was well past the 10–day deadline, on September 13, 2002, his appeal was deemed abandoned and dismissed. Burton's subsequent motion to vacate the dismissal was denied on January 2, 2003. Burton argues that he did in fact file the designation of items and statement of issues in a timely fashion, however, he did so in the wrong court, in a document containing the wrong caption and index number. Burton asserts that he dropped the document, which contained the district court's caption instead of the bankruptcy court's, and an incorrect index number, in the night box of the district court rather than filing it with the bankruptcy court.

Even if Burton's carelessness in dropping off the required document at the wrong courthouse, with the wrong caption and index number, could be excused, his failure to realize his mistakes and follow up in any meaningful way during the next three and a half months cannot. This is Burton's *fourth* appeal to this court from an order of the bankruptcy court. Thus, on three prior occasions he properly filed a designation of items and statement of issues with the bankruptcy court. Although Burton proceeds *pro se*, he is a former practicing attorney who has been involved in this bankruptcy litigation for over twelve years. Burton has submitted a copy of the document which he asserts that he dropped in the district court's night box. He admits that he does not recognize the index number which appears on this document and does not recall where the number came from. Burton states that he contacted the *pro se* office of the district court, shortly after dropping off the designation of items, to see whether he "needed to remove [the] Bankruptcy Court's file to the office of the clerk of the District Court." Thus, Burton knew his file was still at the bankruptcy court, yet alerted no one to the fact that he had dropped an unidentifiable document in the district court night box instead of properly filing it with the bankruptcy court. Considering that the time allotted for filing a designation of record is 10 days, the almost four month delay between the filing of his notice of appeal and dismissal is not insubstantial. *See In re Solis*, No. 95 Civ. 0356, 1995 WL 311781, at *2 (S.D.N.Y. May 19, 1995). Furthermore, the proper filing of the required designation of items and statement of issues was entirely in Burton's control. *See Kuntz v. Pardo*, 160 B.R. 35, 39 (S.D.N.Y.1993).

Burton is well-versed in the requirements and logistics of filing a bankruptcy appeal yet he failed to correct his mis-

takes, and took no action to prevent the dismissal of his appeal. Although it is a close question, Burton's experience as an attorney and litigant weigh against finding that his failure to perfect his appeal was the product of excusable neglect. Therefore, Burton's motion to vacate the dismissal of his appeal is denied.

SO ORDERED.