**In re: Christine Carter LYNCH, Debtor.**

**Christine Carter Lynch, Plaintiff–Appellant,**

**v.**

**United States of America, Internal Revenue Service, Defendants– Appellees.**

**Docket No. 05–0320–CV(L), 05–0732– BK(CON), 05–0897–CV(CON).**

United States Court of Appeals, Second Circuit.

Submitted: Nov. 10, 2005.

Decided: Nov. 28, 2005.

Leo Fox, New York, N.Y., for Plaintiff–Appellant (on submission).

Danielle Gentin Stock, Assistant United States Attorney (Sara L. Shudofsky, Assistant United States Attorney, of counsel), for David N. Kelley, United States Attorney, Southern District of New York, New York, N.Y., for Defendants–Appellees (on submission).

Before: CALABRESI, B.D. PARKER, and WESLEY, Circuit Judges.

PER CURIAM.

Plaintiff–Appellant Christine Carter Lynch ("Lynch") appeals from orders of the United States District Court for the Southern District of New York (Kaplan and Pauley, *JJ.*), dismissing her bankruptcy appeal, denying her motion for reconsideration, and closing her case. Judge Kaplan dismissed Lynch's appeal on the grounds that she had not shown that her failure to file a timely designation of the record on appeal and a statement of issues to be presented ("Designation and Statement"), as required by Federal Rule of Bankruptcy Procedure 8006, was the result of "excusable neglect" under Federal Rule of Bankruptcy Procedure 9006(b)(1). Because we conclude that Judge Kaplan acted within his discretion in finding no excusable neglect, we affirm.

## I. BACKGROUND

In November 1999, Lynch filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of New York. In May 2000, she began an adversary proceeding against the United States in connection with her bankruptcy. In that proceeding, she sought to discharge, under section 727 of the Bankruptcy Code, 11 U.S.C. § 727, several years' worth of federal income tax liabilities. In September 2003, the bankruptcy court ruled that Lynch's tax liabilities were not dischargeable. *Lynch v. United States (In re Lynch )*, 299 B.R. 62 (2003). Lynch filed a timely notice of appeal on October 14, 2003.

Rule 8006 of the Federal Rules of Bankruptcy Procedure requires an appellant to file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 10 days of filing the notice to appeal. Fed. R. Bankr.P. 8006. After receiving one thirty-day filing extension and making a second extension request, which was never acted on by the court, Lynch filed a Designation and Statement on January 14, 2004.[1] The Designation did not enumerate specific documents, but identified the record on appeal in only the most general terms: "All exhibits marked at the trial in this matter on June 25–26, 2001. Appellant reserves the rights to add additional documents as necessary." On January 23, the government moved that Lynch's Designation and Statement be struck as (1) untimely and (2) inadequate under the substantive standards of

Bankruptcy Rule 8006 and Local Civil Rule 8007–1. Without seeking the court's leave, Lynch submitted an additional, more complete Designation and Statement on February 11,[2] and on February 17 her attorney filed an untimely affidavit in opposition to the government's motion to strike.[3] On February 19, Judge Kaplan granted the government's motion to strike Lynch's January 14 Designation and Statement. He characterized that motion as "unopposed." On March 31, 2004, Lynch filed another Designation and Statement in the bankruptcy court. On April 6, 2004, the government filed a motion with Judge Kaplan (1) to strike Lynch's March 31 Designation and Statement, (2) to dismiss the appeal, and (3) to stay the time for the government to respond to the Designation and Statement. Lynch filed a cross-motion ten days later, seeking an extension to permit her belated filings of the Designation and Statement.

While the government's motion to dismiss was pending before Judge Kaplan, the bankruptcy court transmitted the record to the district court. At this point, in May 2004, Lynch's bankruptcy appeal was given its own docket number and assigned to Judge Pauley. *See* Fed. R. Bankr.P. 8007(b). Judge Pauley issued a scheduling order in July 2004, pursuant to which the parties cooperated in assembling the record on appeal. The parties filed briefs, and argument was heard before Judge Pauley on December 3, 2004. On December 14, 2004, however, and before Judge Pauley had issued any rulings, Judge Kaplan granted the government's motion to dismiss Lynch's appeal. Judge Kaplan

---

1. Lynch contends that a clerk in the bankruptcy court clerk's office gave her permission to file by that date. She does not, however, argue that her filing was timely under Rule 8006.

2. But this filing was never docketed, and seemingly never accepted by the district court. In any event, Lynch does not base her appeal on the existence of this filing.

3. Southern District Local Civil Rule 6.1 requires that responses to motions be filed within 10 days of service.

found that, Lynch's Designation and Statement being untimely, the only issue before the court was "whether [to] grant plaintiff's cross-motion for an extension of time, *nunc pro tunc*, to cure the untimeliness." He declined to do so, finding that Lynch had not shown that the untimeliness was the result of excusable neglect.

Lynch moved, under Federal Rules of Civil Procedure 59 and 60, for reconsideration of Judge Kaplan's dismissal or other relief. She argued that the government's motion to dismiss was "mooted" by the government's participation in the bankruptcy proceedings before Judge Pauley. Judge Pauley's scheduling order, Lynch contended, constituted the "law of the case" on the question of whether Lynch's Designation and Statement was timely. Judge Kaplan denied the motion, concluding that Judge Pauley's scheduling order in no way barred dismissal of the appeal. Apprised by the government of Judge Kaplan's dismissal, Judge Pauley closed the case soon thereafter.

## II. DISCUSSION

### A. Standard of Review

■ This court reviews for abuse of discretion a district court's determination that a party has failed to establish excusable neglect. *Rittmaster v. PaineWebber Group (In re PaineWebber Ltd. P'ships Litig.)*, 147 F.3d 132, 135 (2d Cir.1998); *see also Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 706–07 (9th Cir.1986) (holding that the district court's dismissal of an appeal for noncompliance with non-jurisdictional bankruptcy procedural requirements is reviewed for abuse of discretion); *In re Scheri*, 51 F.3d 71, 74 (7th Cir.1995) (same). A district court's ruling on motions under Federal Rules of Civil Procedure 59 and 60 is also reviewed for abuse of discretion. *Devlin*

*v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir.1999).

### B. Analysis

■ Lynch does not contest the district court's finding that her Designation and Statement was untimely under Bankruptcy Rule 8006. The question therefore becomes, what are the consequences of such an untimely filing? Filing a Designation and Statement is mandatory. But Rule 9006(b)(1) permits some filings or other acts to be accepted notwithstanding a missed deadline. It states that, on the motion of the party, the court may, for cause shown and in its discretion, "permit the act to be done where the failure to act was the result of excusable neglect." It follows that, if Lynch does not meet the conditions of Rule 9006(b)(1), and thus is not allowed to file her Designation and Statement, her appeal cannot proceed. The decisive question, then, is whether or not Lynch's failure to file on time was the result of excusable neglect.

■ The district court did not abuse its discretion in answering no. The Supreme Court elaborated the "excusable neglect" standard in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *Pioneer* provided that the determination of whether to permit an untimely action must be made "taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. 1489.

In *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248 (2d Cir.1997), a Second Circuit panel read *Pioneer* to per-

mit courts to disallow untimely acts, as a general rule, when a party fails to follow clear rules:

> [W]e do not believe that the possibility that a court may properly find excusable neglect on such grounds [ambiguous or conflicting rules] alters the principle that failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect. We are not alone in that view.... Where ... the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.

127 F.3d at 250–51 (citations omitted).

*Canfield* used, and made stricter, *Pioneer*'s (bankruptcy) definition of excusable neglect in the context of Federal Rule of Civil Procedure 60(b). We believe that *Canfield*'s gloss on *Pioneer*, albeit made in another context, must also govern the meaning of excusable neglect in the context of *Pioneer* itself—that is, bankruptcy, and specifically, the interpretation of Rule 9006(b)(1).

Evaluated under this standard, we cannot say that the district court abused its discretion in declining to permit Lynch to file her Designation and Statement. The filing requirement of Rule 8006 was quite clear, and Lynch equally clearly failed to meet it. That Lynch's attorney was aware of the deadlines is shown by his requests for extensions. Under these circumstances, we have no trouble concluding that the district court's finding of no excusable neglect was within its discretion.[4] It was, moreover, consistent with any number of bankruptcy court and district court rulings. *See, e.g., Burton v. Schachter (In re Burton)*, 316 B.R. 138, 140 (S.D.N.Y. 2004); *Romas v. Callahan (In re Callahan)*, 211 B.R. 131, 132–33 (N.D.N.Y. 1997); *In re Timberline Energy Corp.*, 1990 WL 71346, at *1 (N.D.N.Y. May 16, 1990).

■ Lynch also contends that Judge Kaplan erred by failing to reconsider his dismissal in light of the proceedings before Judge Pauley, either because (1) Judge Pauley's scheduling order, which instructed Lynch to file a Designation and Statement, became the "law of the case," or (2) the government's compliance with the scheduling order mooted its motion to dismiss. Neither argument has merit. Only "issues previously determined" become the law of the case, *Quern v. Jordan*, 440 U.S. 332, 348 n. 18, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), and Judge Pauley rendered no decision on the timeliness of Lynch's filing before Judge Kaplan. Nor did the government, by cooperating with Judge Pauley's scheduling, in any way concede that Lynch had satisfied the requirements of Rule 8006. Hence, Judge Kaplan did not err by denying reconsideration. And, given Judge Kaplan's dismissal of the appeal and denial of reconsideration, it was appropriate for Judge Pauley to close the case. Lynch presents no arguments to the contrary in her briefs, and thus apparently concedes this point.

■ For the first time in her reply brief, Lynch argues that the district court applied the wrong standard—that dismiss-

---

4. We note also that this failure to file on time was of a piece with the casual attitude towards the bankruptcy rules shown generally by Lynch's attorney over the course of the district court proceedings. As the district court found, Lynch's two-line Designation of January 14, 2004 did not represent "a serious effort to comply with the rules"; Lynch's response to the government's motion to strike the first Designation and Statement was untimely; and Lynch filed an untimely Designation and Statement for a second and third time, in February and March of 2004, without first seeking leave of the court, as required by Rule 9006(b)(1).

als of bankruptcy appeals should be evaluated under Federal Rule of Bankruptcy Procedure 8001(a), rather than Rule 9006(b)(1). As a general rule, federal appeals courts do not consider arguments raised for the first time on appeal. *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *see also Booking v. General Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir.2001) (noting court's disinclination to consider arguments raised for the first time in a reply brief). We write here, briefly, only to explain how we think that Rule 8001(a) and Rule 9006(b)(1) most likely relate to each other, and to indicate that if we were to reach this issue, it would not change the disposition of Lynch's appeal.

Rule 8001(a) provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." While Rule 9006(b)(1) governs untimely actions at any stage in the bankruptcy proceedings, Rule 8001(a) is specifically addressed to bankruptcy appeals. By its terms, the provision does not set standards for when dismissal is appropriate. Nevertheless, some courts have imposed conditions that constrain a court's discretion to dismiss under Rule 8001(a). *See, e.g., Resolution Trust Corp. v. SPR Corp. (In re SPR Corp.)*, 45 F.3d 70, 74 (4th Cir.1995) (holding that before dismissing bankruptcy appeals for Rule 8006 violations, Rule 8001(a) requires that a district court either (1) make a finding of bad faith or negligence; (2) give the appellant notice and opportunity to explain the delay; (3) consider any prejudicial effect to other parties; or (4) indicate that it considered the impact of sanctions and available alternatives). Lynch contends that the district court did not comply with the requirements of Rule 8001(a) before it dismissed her appeal.

We, however, believe that the district court was correct in applying Rule 9006(b)(1). Rule 9006(b)(1) squarely controls the question that confronted the district court: under what circumstances should an action or filing be permitted in a bankruptcy proceeding, notwithstanding the party's failure to comply with a deadline? The answer under Rule 9006(b)(1) is, the action should be permitted where the untimeliness is the result of excusable neglect, as that standard has been developed by *Pioneer* and its line of cases. Where, as here, no excusable neglect was shown, the late filing is not permitted. And Lynch's Designation and Statement is, therefore, not accepted. But, as we noted earlier, a bankruptcy appeal cannot proceed without a Designation and Statement. If a party fails to file a Designation and Statement on time, and an untimely filing is disallowed because no excusable neglect has been shown, the appeal has to be at an end.

It may be, as some other courts have held, that dismissal would be an unwarranted sanction for some errors, and hence, impermissible under Rule 8001(a). *See, e.g., In re SPR Corp.*, 45 F.3d at 74. This might be the case, for instance, where untimely action was not strictly necessary to the continuation of the appeal. And in affirming the district court, we leave open the possibility that in some such circumstances, dismissal of a bankruptcy appeal might be an abuse of the court's discretion under Rule 8001(a), even when a party has failed to show excusable neglect for an untimely action. But where the appeal is precluded without the untimely action, there is no scope for an independent analysis under Rule 8001(a).

606

The judgment of the district court is, therefore, AFFIRMED.