Herbert **BLACK**, Plaintiff,

Nanette Sue Kass, et al., Consolidated–Plaintiffs–Appellees,

Mary Jo Anderson, et al., Intervenor–Plaintiffs,

A. Alfred Taubman, et al., Defendants,

Sotheby's Inc., et al., Consolidated–Defendants,

v.

Louis Glick **DIAMOND**, doing business as Louis Glick & Co., Claimant–Appellant,

Mouawad Group, Seymour Stein, Claimant,

---

* Judge Richard C. Wesley having recused himself prior to oral argument, this case is decided by the two remaining members of the panel pursuant to § 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit.

**Boies, Schiller & Flexner, LLP, Movant.**

Nos. 05–0785–CV, 05–1669–CV.

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

Zachary G. Newman, Hahn & Hessen LLP, New York, New York, for Claimant–Appellant.

Eric Brenner, (Richard Drubel, Philip Korologos, on the brief), Boies, Schiller & Flexner, LLP, Armonk, New York and Hanover, New Hampshire, for Consolidated–Plaintiffs–Appellees.

PRESENT: Honorable WILFRED FEINBERG, Honorable AMALYA L. KEARSE, and Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders of the district court, dated January 5, 2005, January 18, 2005, and February 22, 2005 are hereby AFFIRMED.

Appellant Louis Glick Diamond Corp., doing business as Louis Glick & Company ("Glick"), is a settlement claimant in a class action suit against Sotheby's Inc., Christie's International, and others. Glick appeals the district court's denial of its motion to treat its belated claims for compensation from the settlement fund as timely filed under the doctrine of "excusable neglect." Glick further appeals the district court's denial of its motion for reconsideration of that adverse ruling. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. Excusable Neglect

When a district court concludes that a party has failed to establish excusable ne-glect for an untimely filing, we review that ruling deferentially and will reverse only for abuse of discretion. See Lynch v. United States IRS (In re Lynch), 430 F.3d 600, 603 (2d Cir.2005); Rittmaster v. Painewebber Group, Inc. (In re Paine-Webber Ltd. P'ships Litig.), 147 F.3d 132, 135 (2d Cir.1998); Supermarkets Gen. Corp. v. Grinnell Corp., 490 F.2d 1183, 1186 (2d Cir.1974). We find no such abuse in this case.

■ Contrary to Glick's argument on appeal, the district court did consider all four factors specifically identified by the Supreme Court as relevant to excusable-neglect analysis. See Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Moreover, the district court did not commit legal error in the weight it accorded the "reason for delay" factor, see In re PaineWebber Ltd. P'ships Litig., 147 F.3d at 135–36, or clear factual error in finding that Glick had failed to offer "a reasonable basis" for not filing a timely and complete claims form after its president received the February 3, 2003 supplemental claims notice,[1] id. at 135; see generally Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 362, 366–67 (2d Cir.2003).

■ Nor did the district court abuse its discretion in considering the fact that treating Glick's claims as timely could reduce the recoveries of other class members who had filed untimely claims. Although the prejudice factor specifically identified in Pioneer Investment focuses on harm to the debtor, see 507 U.S. at 395, 113 S.Ct. 1489, the Supreme Court recognized that a determination of whether to forgive an

---

1. Disputes about the delivery of prior notices or the substance of conversations subsequent to the claims deadline need not be addressed because, however resolved, their resolution in Glick's favor would not explain Glick's failure to file a complete supplemental claims form in the period between its president's receipt of the supplemental notice and the claims deadline.

untimely filing depends on a careful review of "all relevant circumstances." *Id.* In this case, where a discrete fund exists that will provide limited compensation to untimely claimants, the district court did not abuse its discretion in considering the equities to all persons involved in deciding whether to allow an untimely claimant such as Glick to be treated as a timely claimant.

The fact that the district court reached a different conclusion as to excusable neglect in the case of another untimely claimant, the Mouawad Group, does not indicate abuse of discretion. The record shows that Mouawad is a foreign entity not subject, like Glick, to a presumption of receipt with respect to mailed notices. *See In re Cendant Prides Litigation,* 311 F.3d 298, 304 (3d Cir.2002) (noting that the presumption of timely receipt of a proven mailing "rests on the dependability of the U.S. Postal Service"). More important, Mouawad's incomplete claims notice was signed by a staff bookkeeper, not, as in Glick's case, by the president of the company who was personally acquainted with its dealings with the defendant auction houses. Under these circumstances, we cannot conclude that the district court abused its discretion in finding excusable neglect in the case of Mouawad but not Glick.

### 2. *Motion for Reconsideration*

We review the district court's denial of a motion for reconsideration for abuse of discretion. *See Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir.1999). To merit reconsideration, a movant must point to law or facts overlooked by the court in its initial ruling— "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995). In this case, the only arguably

"new" fact cited by Glick to support reconsideration of its excusable neglect argument is the identification of a further $2.3 million available as settlement funds. Glick argues that this shows its claims could be paid as timely filed without reducing payments to timely claimants. This argument ignores the fact that the subclass that could be adversely affected by Glick's efforts to have its claims treated as timely includes other untimely claimants. Nor does it alter the fact that Glick still offers no reasonable basis for its failure to file a timely and complete notice of claims. Under these circumstances, the district court acted well within its discretion in declining to reconsider its original ruling and in leaving Glick's claims to be compensated together with those of other untimely claimants.

We have considered Glick's remaining arguments and conclude that they are without merit.

The orders of the district court, dated January 5, 2005, January 18, 2005, and February 22, 2005, are hereby AFFIRMED.