SUMMARY ORDER
James W. Hawkins and Lori Jo Hawkins appeal from the District Court’s November 7, 2007 decision and order denying their motion to reconsider an earlier order dismissing their bankruptcy appeal for failure timely to comply with Bankruptcy Rule 8006. The Hawkins argue that their failure timely to designate a record on appeal, as required by Rule 8006, should not have led to the dismissal of their case, and that the District Court failed to consider the factors enumerated in In re Harris, 464 F.3d 263, 270 (2d Cir.2006). We agree, and remand for further proceedings.
On July 13, 2007, James and Lori Jo Hawkins filed a timely notice of appeal from a July 6, 2007 order of the bankruptcy court. On July 26, 2007 WL 2177070, in a one-paragraph decision and order, the *453 District Court dismissed the appeal. The district court noted that “Appellants’ Notice of Appeal was filed with the Bankruptcy Court on July 13, 2007, and was transmitted to this Court on July 25, 2007. See Dkt. No. 1. Appellants have not complied with Bankruptcy Rule 8006, and this Court has received the Certification of NonCompliance from the Clerk of the Bankruptcy Court. See Dkt. No. 1, Attach. 5. No extension of time has been granted.” On August 2, 2007, the Plaintiffs filed an Amended Notice of Motion for Reconsideration. On November 7, 2007, the District Court denied the motion, finding no clear error or manifest injustice in its prior decision. The District Court emphasized that “[wjhether or not the Appellants’ failure to comply with Bankruptcy Rule 8006 constituted harmless error is immaterial given the Coui’t’s wide discretion. ... Therefore this Court was operating within its discretion when it dismissed the Appellants’ appeal.” We review a district court’s dismissal of a bankruptcy appeal on procedural grounds for abuse of discretion. See In re Lynch, 430 F.3d 600, 603 (2d Cir.2005) (per curiam).
Federal Rule of Bankruptcy Procedure 8006 provides in relevant part:
Within 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.
Although the language of Rule 8006 seems mandatory, Rule 8001 provides that “[ajn appellant’s failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.” In other words, dismissal is not always required when an appellant fails to comply with Rule 8006’s filing requirements. As we noted in Harris, “[tjhe rule makes clear that a district court enjoys discretion to dismiss an appeal in all cases except where the debtor does not file a timely notice of appeal, in which case the court has no choice but to dismiss the case.” 464 F.3d at 270.
In order to guide that discretion, the Hams court instructed that courts “should endeavor to explain why it is in the interest of justice to all parties, including secured and unsecured creditors, to dismiss a bankruptcy appeal on procedural grounds rather than to continue to the merits of the appeal. And because dismissal is a harsh sanction, moreover, we generally require a district court to consider whether a lesser sanction would be appropriate.” Id. at 272. We held that district courts should “take into consideration whether counsel’s behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant’s conduct; and whether the litigant should be granted the opportunity to rectify the problem.” Id. Finally, we noted that district courts “will generally need to provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct.” Id. (quotation marks omitted).
The District Court did not discuss the Harris factors, and it did not cite Hams, in its initial one-paragraph order dismissing the Hawkins’ appeal. In denying the motion to reconsider, the District Court relied on Harris’s affirmation of judicial discretion, but still did not “provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct,” nor did the court explain why it *454 was “in the interest of justice to all parties” to dismiss the appeal, or whether a lesser sanction would be appropriate.
Based on the record before us, we cannot conclude that the District Court considered the Harris factors. Accordingly, we VACATE the decision below and REMAND for further proceedings consistent with this opinion.