Charlene MORISSEAU, Plaintiff,

v.

DLA PIPER, et al., Defendants.

No. 06 Civ. 13255(LAK).

United States District Court,
S.D. New York.

Dec. 12, 2008.

Charlene Morisseau, Harrison, NY, for Plaintiff.

Bettina Barasch Plevan, Edward Andrew Brill, Proskauer Rose LLP, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, District Judge.

Plaintiff moves to "strike defendants' bill of costs," docket item 200. Docket item 200 actually contains the bill of costs submitted by defendants and the Clerk's endorsed allowance of the bill, which was dated February 11, 2008 and later docketed as judgment 08–0375.[1] She claims that she opposed the taxation of costs on the ground that S.D.N.Y. CIV. R. 54.1 precludes taxation of costs during the pendency of an appeal but that the Clerk nevertheless taxed costs against her

1. The docket reflects the filing of the judgment on February 11, 2008 and its entry on the docket on March 10, 2008.

despite the pendency of her appeal from the judgment of dismissal entered on December 4, 2007. As is typical with plaintiff's applications, she has not specifically stated the basis on which she seeks relief from a judgment entered more than eight months ago.[2] Nor has she submitted a memorandum of law despite the fact that the local rules required one.[3]

### Facts

On January 25, 2008, defendants, pursuant to FED.R.CIV.P. 54 and S.D.N.Y. CIV. R. 54.1, noticed a hearing on a proposed bill of costs for February 11, 2008 at 10:00 a.m. While the local rules do not in so many words specify the time for filing objections to a proposed bill, they do make clear that "[t]he clerk will proceed to tax costs at the time noticed and allow such items as are properly taxable [and that i]n the absence of written objection, any item listed may be taxed within the discretion of the clerk."[4] The Bar thus is on notice that any written objections must be in the hands of the Clerk by the time noticed for taxation.

On February 11, 2008, the Clerk taxed costs in favor of defendants and endorsed the bill with the words "no opposition."

Plaintiff claims to have made timely objection to the proposed bill on the ground that Local Rule 54.1(a) provides that costs should not be taxed during the pendency of an appeal.[5] It is unclear whether that is so.

Plaintiff's objection to the bill of costs was not filed electronically, which would have pinpointed the time of filing, but delivered in physical form on February 11, 2008. The time of its delivery, however, is not clear. While plaintiff claims elsewhere that it was delivered that morning,[6] there is no evidence concerning the hour of its arrival. It may have arrived after costs already had been taxed. It is possible also that it arrived before costs had been taxed, but that it did not promptly (or ever) come to the attention of the particular individuals who acted on the bill. In the circumstances, the Court assumes for purposes of discussion that the objection was timely filed. But that does not mean that plaintiff is entitled to relief.

### Discussion

FED.R.CIV.P. 54(d)(1) provides that the Court may review a Clerk's taxation of costs "[o]n motion served within the next 5 days" following the Clerk's action. The record shows that the Clerk taxed costs on February 11, 2008 and that the judgment thereon was entered on March 10, 2008. Plaintiff did not move to review the Clerk's determination within five days of either date. In consequence, this motion is an attempt to do an end-run around plaintiff's failure to seek review of the Clerk's action on a timely basis.

The time limit in Rule 54(d)(1) is not jurisdictional. FED.R.CIV.P. 6(b)(1)(B) permits extension of that period in cases in which an application is made after its expiration "if the party failed to act because of excusable neglect." Moreover, the Court assumes, without deciding, that its discretion conceivably could be sufficiently broad to permit it to entertain a belated application to review a Clerk's taxation of costs if a persuasive reason short of excusable neglect were shown. In this case, however, plaintiff has shown neither excusable neglect nor any other persuasive reason for ignoring her default.

As the Supreme Court has said, the question whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the par-

---

**2.** *See* S.D.N.Y. CIV. R. 7.2.

**3.** S.D.N.Y. CIV R. 7.1(a).

**4.** S.D.N.Y. CIV. R. 54.1(b).

**5.** Judgment was entered against plaintiff on December 4, 2007, and she filed a notice of appeal as early as January 2, 2008. On December 18, 2007, however, she filed a motion to alter or amend the judgment pursuant to FED.R.CIV.P. 59(e). FED. R.APP. P. 4 thus made the notice of

appeal premature. It became effective when that motion was denied on January 23, 2008. But plaintiff promptly moved for reconsideration. Reconsideration was denied on February 7, 2008. As the Clerk taxed costs on February 11, 2008, he did so when an appeal was pending regardless of any effect of the interaction of FED. R.APP. P. 4 and the motion for reconsideration.

**6.** Docket item 201.

ty's omission."[7] "Excusable neglect is a flexible concept.... [I]ts parameters are informed by, and roughly congruent with, the interests of justice."[8] The relevant circumstances include the reason for the delay, including whether it was within the reasonable control of the Moving Defendants, the danger of prejudice to the defendants, and the length of the delay and its potential impact on these judicial proceedings.[9]

 In this case, plaintiff has offered no reason for the delay of eight to nine months in seeking review of the Clerk's taxation of costs. Certainly the matter was entirely within her control. As a Harvard Law School graduate and former Harvard Law Review editor, she is capable of reading the rules. And while there would be no prejudice nor any other impact on the proceedings of entertaining her application, there is a clear line of authority in this Circuit that the failure to follow clear rules does not constitute excusable neglect.[10] Moreover, this is not the first time on which plaintiff has defaulted in response to an application by defendants, suffered an adverse result, and then sought (sometimes repeatedly) to litigate the merits of the defendants' original application in a collateral proceeding—indeed, plaintiff has done so repeatedly throughout this litigation.[11] Accordingly,

plaintiff has failed to establish excusable neglect.

Nor has she any other claim on the favorable exercise of any residual discretion the Court may have, particularly in view of her repeated vexatious and frivolous applications and her sanctionable and already in some instances sanctioned conduct.

 Finally, although plaintiff has not sought relief under FED.R.CIV.P. 60(b), the Court notes that any such application would fail. Rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."[12] It "may not be used as a substitute for a timely appeal"[13] or, in this case, a timely application under Rule 54(d)(1) for review of the Clerk's taxation of costs. Moreover, any application under that rule must be made "within a reasonable time."[14] In this case, the eight to nine month interval between the Clerk's taxation of costs and the present application is unreasonable. In any case, it is not justified by any exceptional circumstances.

The motion [docket item 248–49] is denied.

SO ORDERED.

**7.** *Pioneer Inv. Servs. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also, e.g., Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir.2004); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir.2003); *Canfield v. Van Atta Buick/ GMC Truck Inc.*, 127 F.3d 248, 249–50 (2d Cir. 1997) (per curiam), *cert. denied*, 522 U.S. 1117, 118 S.Ct. 1055, 140 L.Ed.2d 117 (1998).

**8.** *United States v. Roberts*, 978 F.2d 17, 21 (1st Cir.1992); *see also Pioneer*, 507 U.S. at 392, 113 S.Ct. 1489; *Silivanch*, 333 F.3d at 366; *Canfield*, 127 F.3d at 250.

**9.** *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489; *Silivanch*, 333 F.3d at 366; *Williams*, 391 F.3d at 415; *Roberts*, 978 F.2d at 21–22.

**10.** *In re Lynch*, 430 F.3d 600, 604 (2d Cir.2005); *Canfield*, 127 F.3d 248.

**11.** For example, she failed to respond to defendants' motion for summary judgment within the (extended) time afforded her, suffered the entry of summary judgment against her, and then move to alter or amend the judgment pursuant to FED.R.CIV.P. 59(e) and, when that motion was denied, for reconsideration of the denial. She failed to respond to her former counsel's motion for leave to withdraw and to fix liens against her, suffered an adverse decision, then sought to litigate the merits by moving to set aside the adverse decision, and, after suffering an adverse decision on that motion, again sought reconsideration. (Docket items 47, 57, 59, 61, 72, 73) She failed to respond to defendants' motion to compel a Rule 35 examination of plaintiff, suffered an adverse decision, and then belatedly sought to litigate that issue by subsequent applications. (Docket items 47, 61, 62) She defaulted on defendants' motion to compel and for sanctions, suffered an adverse decision, and then sought to litigate the merits of that application by subsequent motions. (Docket items 47, 51, 53, 59, 72, 73)

**12.** *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

**13.** *Id.*

**14.** FED.R.CIV.P. 60(c)(1).