11-4770-cr(L)
U.S. v. Known Litigation Holdings, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand thirteen.

PRESENT:     GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                      *Circuit Judges.*

――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,
                      *Appellee*,

             v.                                              No. 11-4770-cr(L)
                                                                 11-5053-cr(con)

KNOWN LITIGATION HOLDINGS, LLC,
                      *Interested-Party-Appellant*,

CARVER FEDERAL SAVINGS BANK,
                      *Third-Party-Claimant-Appellant*,

ROBERT EGAN, BERNARD MCGARRY,
                      *Defendants.**

――――――――――――――――――――――――――――――

_____

\* The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

| | |
|---|---|
| **FOR INTERESTED-**<br>**PARTY-APPELLANT:** | KEVIN G. DONOGHUE (Afsheen Shah, *on the brief*), Garfunkel Wild, P.C., Great Neck, NY. |
| **FOR THIRD-PARTY-**<br>**CLAIMANT-APPELLANT:** | THOMAS ROBERT PATTISON, Pattison & Flannery, Pleasantville, NY. |
| **FOR APPELLEE:** | DAVID I. MILLER (Katherine Polk Failla, *on the brief*), Assistant United States Attorneys, *of Counsel*, *for* Preet Bharara, United States Attorney for the Southern District of New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (John F. Keenan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court of October 13, 2011 and November 18, 2011, denying appellants' requests to file untimely petitions in forfeiture proceedings are **VACATED**, and the matters are **REMANDED** to the district court for further proceedings.

Appellants Known Litigation Holdings, LLC ("KLH") and Carver Federal Savings Bank ("Carver") appeal the district court's orders denying them leave to file untimely petitions to participate in the distribution of forfeited funds. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's decision denying leave to file an untimely petition for abuse of discretion. In re Lynch, 430 F.3d 600, 603 (2d Cir. 2005). Appellants argue that the district court abused its discretion by failing to grant them leave to file their belated petitions because their neglect in meeting the applicable deadline was excusable under the four-part test of Pioneer Investment Services Co. v. Brunswick Associates, L.P., 507 U.S. 380 (1993). Under that test, in assessing the existence of excusable neglect, courts are instructed to consider "the danger of prejudice to the [non-petitioning party], the length of delay and its potential impact on judicial

2

proceedings, the reason for the delay, including whether it was within the reasonable control of the [petitioner], and whether the [petitioner] acted in good faith." Pioneer, 507 U.S. at 395.

Although Pioneer addressed the meaning of "excusable neglect" in the context of a bankruptcy rule, we have applied the standard broadly to other situations in which a court is authorized to permit a late filing. See, e.g., Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 365-66 (2d Cir. 2003). Here, Federal Rule of Civil Procedure 6(b) grants a district court discretion to extend time for late filings upon a showing of "good cause" in cases where "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Appellants argue that the district court erred in failing to find excusable neglect because the Pioneer factors, properly construed, favor such a finding.

We agree with appellants that several factors strongly favor leniency in this case. Appellants are victims of a fraud who seek to participate in the distribution of funds forfeited by the perpetrator of that fraud. Appellants' losses were substantial, and although the forfeited funds are insufficient to cover the losses of all of the victims, if permitted to participate in the distribution appellants stand to recover significant sums to which it is undisputed they are entitled on the merits. No adverse party objects to their participation or would be prejudiced if appellants are permitted to participate. To the contrary, the other victims would receive a windfall by receiving more of the forfeited funds than their pro rata share if appellants are barred from filing. Moreover, the government stated at oral argument before this Court that, should we remand the case to the district court, it would expect not to oppose either appellant's petition. And it is undisputed that the parties acted in good faith.

3

We recognize that the district court has a legitimate interest in controlling its docket and requiring adherence to reasonable deadlines. At the same time, given the pendency of the appeal, the government has already calculated how much money appellants would receive if permitted to participate and set aside sufficient funds from the shares of other victims to enable it to transfer the appropriate amount to appellants if they are permitted to file. Thus, any administrative burden or delay associated with appellants' late filing has in fact already been borne; this is one of those rare cases in which permitting a late filing would not entail any additional proceedings or delay in the district court.

The factor that might well cut against appellants is one that has frequently been regarded as determinative: the reason for the delay. See Silivanch, 333 F.3d at 366. In both cases, the delay was the result of failures by appellants' lawyers: in Carver's case, a misinterpretation of the deadline by counsel, and in KLH's, an administrative failure within its law firm to bring a notice to the attention of the attorney handling the case. It might be questioned, however, whether barring a crime victim from obtaining some recovery from forfeited funds because of its counsel's possible dereliction, with the attendant possibility of occasioning a malpractice action, is either the fairest or most efficient way to deal with this situation.

For these reasons, appellants' argument that their delay should have been excused has considerable force. Nevertheless, we are reluctant to conclude that the able and experienced district judge acted beyond his discretion on the present record. We conclude, rather, that the present record is insufficiently detailed for us to determine whether the district court acted within its discretion, because the district court did not make clear how it analyzed the Pioneer factors. The better course, therefore, is to vacate the orders and remand the case for further consideration

4

of appellants' motions.  If, after considering the factors set forth above, the district court remains of the opinion that appellants' failure to meet the deadline should not be excused, it should set forth the reasoning supporting that conclusion, to enable further review.

For the foregoing reasons, the orders of the district court appealed from are hereby **VACATED**, and the matters are **REMANDED** to the district court for further consideration. This disposition renders moot KLH's pending motion to vacate the district court's order summarily.  If the district court again determines that appellants' delay was not excusable, any party may restore jurisdiction to this Court within 30 days by a letter to the Clerk of Court, in which event the renewed appeals will be assigned to this panel.  See United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5