14-90-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand fourteen.

PRESENT:  JOHN M. WALKER, JR.,
            GERARD E. LYNCH,
            DENNY CHIN,
                    *Circuit Judges.*

_____

In re: KOLLEL MATEH EFRAIM, LLC,

                    *Debtor*,

HELEN-MAY HOLDINGS, LLC,

                    *Appellant*,

         v.                                    No.    14-90-bk

ROBERT L. GELTZER,

                    *Appellee*.

_____

FOR APPELLANT:             SHEILA SADOVNIK, Law Offices of David Carlebach, Esq. (Joseph Garland, Korsinsky & Klein, LLP, of counsel), New York, New York.

FOR APPELLEE:              ROBERT A. WOLF, Tarter, Krinsky & Drogin, LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court is AFFIRMED.

Appellant Helen-May Holdings, LLC ("Helen-May") appeals from the district court's order granting Appellee Robert Geltzer's motion to dismiss the underlying appeal from the bankruptcy court. We assume the parties' familiarity with the facts and procedural history of this case.

We review a district court's dismissal of a bankruptcy appeal on non-jurisdictional procedural grounds for abuse of discretion. *In re Tampa Chain Co.*, 835 F.2d 54, 55-56 (2d Cir. 1987). Here, the district court properly dismissed Helen-May's appeal on the grounds that Helen-May did not timely file its designation of items to be included in the record and statement of issues on appeal ("Designation and Statement"), as required by Federal Rule of Bankruptcy Procedure 8006. *See* Fed. R. Bankr. P. 8006. As the district court noted, Helen-May had not filed the Designation and Statement within the 14-day period provided by the Rule, and the bankruptcy court had denied Helen-May's motion for an extension of time, concluding "that [Helen-May] [ha]d not satisf[ied] the conditions of Rule 9006(b)(1)" because it had failed to show "cause" for an extension. *See* Fed. R. Bankr. P. 9006(b).

In *In re Lynch*, we affirmed a district court's dismissal of an appeal based on an untimely filing of the Designation and Statement. 430 F.3d 600 (2d Cir. 2005). In doing

2

so, we stated that "a bankruptcy appeal cannot proceed without a Designation and Statement. If a party fails to file a Designation and Statement on time, and an untimely filing is disallowed . . . , the appeal has to be at an end." *Lynch*, 430 F.3d at 605. Similarly, here, it is not disputed that Helen-May's Designation and Statement was untimely. Because the bankruptcy court found that Helen-May did not meet the standard set by Rule 9006(b) for granting an extension – a ruling that Helen-May did not appeal – and Helen-May had otherwise allowed its time within which to file the Designation and Statement to elapse, the district court, following *Lynch*, dismissed the appeal.

Helen-May argues that the district court should have relied instead on Rule 8001(a), which permits the court, if an appellant has failed to execute any step other than timely filing a notice of appeal, to take "such action as [it] deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a). Helen-May argues that the district court therefore should have considered a less severe remedy than outright dismissal where, as here, Appellant had not shown any bad faith and Appellee was not prejudiced by the late filing. But *Lynch* explicitly states that "where the appeal is precluded without the untimely action, there is no scope for an independent analysis under Rule 8001(a)." *Lynch*, 430 F.3d at 605. When this case came before the district court, the Designation and Statement had already been found untimely, and thus ineffective. *Lynch* counsels that "a bankruptcy appeal cannot proceed without a Designation and Statement." *Id*. Under such circumstances, the district properly determined to dismiss the appeal on the authority of *Lynch*.

For the foregoing reasons, the order of the district court is AFFIRMED.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court