14-1923-bk
In Re: Am. Land Acquisition Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fifteen.

PRESENT:
> RALPH K. WINTER,
> JOHN M. WALKER, JR.,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

In Re: American Land Acquisition Corporation,

> *Debtor*.

_____

Dale Robert Javino,

> *Appellant*,

> v.                                                                                            14-1923-bk

Marc A. Pergament, Chapter 7 Trustee of the
Estate of American Land Acquisition
Corporation,

> *Appellee*.

_____

**FOR APPELLANT:**                          Dale Robert Javino, *pro se*, Center Moriches, NY.

**FOR APPELLEE:**                                    Marc A. Pergament (Seth M. Choset, Marc J. Weingard, *on the brief*), Weinberg, Gross & Pergament LLP, Garden City, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Dale Robert Javino, proceeding *pro se*, appeals the district court's dismissal of his bankruptcy appeal for failure to comply with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), or to demonstrate excusable neglect for his noncompliance. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review for abuse of discretion a district court's dismissal of a bankruptcy appeal on non-jurisdictional procedural grounds, including its determination that a party has failed to establish excusable neglect for its procedural noncompliance. *See Lynch v. United States (In re Lynch)*, 430 F.3d 600, 603 (2d Cir. 2005) (per curiam); *Balaber-Strauss v. Reichard (In re Tampa Chain Co.)*, 835 F.2d 54, 55 (2d Cir. 1987) (per curiam).

We conclude that the district court did not abuse its discretion in dismissing Javino's appeal, and we affirm substantially for the reasons set forth in the district court's order of dismissal dated April 30, 2014. *Javino v. Pergament*, No. 14 CV 0891 (SJF), 2014 WL 1761546 (E.D.N.Y. Apr. 30, 2014). This Court has held that, because the filing of a designation of the record on appeal and statement of issues to be presented is mandatory, an appeal "cannot proceed" unless the failure to timely comply with the filing requirement resulted from excusable neglect. *Lynch*, 430 F.3d at 603; *see also id.* at 605 ("If a party fails to file a Designation and Statement on time, and an untimely filing is disallowed because no excusable neglect has been shown, the appeal has to be at an end."). In response to the district court's order to show cause, Javino offered only a cursory reference to visitation issues with respect to his daughter, and the district court found that this explanation failed to establish excusable neglect. Though Javino appeals from that determination, he does not address the merits of the district court's ruling, instead raising various challenges to the course of the bankruptcy proceedings more generally. Those issues are not currently before this Court. We find no basis to conclude that the district court abused its discretion in (1) determining that Javino failed to establish excusable neglect and (2) dismissing the appeal on that basis.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2