Joan M. CANFIELD, Plaintiff–Appellant,

v.

VAN ATTA BUICK/GMC TRUCK, INC., Defendant–Appellee.

No. 408, Docket 97–7251.

United States Court of Appeals, Second Circuit.

Submitted Sept. 25, 1997.

Decided Oct. 3, 1997.

Peter P. Charnetsky, Binghamton, NY, for Plaintiff–Appellant.

Margaret J. Fowler, Chernin & Gold, LLP, Binghamton, NY, for Defendant–Appellee.

Before MESKILL and CALABRESI, Circuit Judges, and BRIEANT, District Judge.*

Per Curiam:

Appellant sought relief under Federal Rule of Civil Procedure 60(b), for failure to comply with a filing deadline, from the district court's dismissal of her employment discrimination action. We conclude that, in finding that her error was not excusable neglect, the district court properly considered all relevant circumstances surrounding her failure to adhere to the court rules. Hence, we affirm.

* The Honorable Charles L. Brieant, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

## I. Background

Appellant Joan Canfield filed this action under Title VII of the Civil Rights Act, 28 U.S.C. §§ 2000, *et seq.,* and the New York Human Rights Law, N.Y. Exec. Law § 296. In it, she alleged employment discrimination, sexual harassment, and wrongful termination. On September 24, 1996, the defendant served on Canfield's attorney a motion for summary judgment pursuant to Amended General Order # 41 ("G.O.# 41") of the United States District Court for the Northern District of New York. In a cover letter accompanying that motion, the defendant accurately described the duty G.O. # 41 imposed on Canfield:

> General Order # 41 requires that dispositive motion papers be served 35 days before filing, without a return date. The date will be assigned when the papers are filed with the court on October 30, 1996.
>
> Original responsive papers, with one copy, must be forwarded to the undersigned within 21 days.

G.O. # 41 permits extensions of the time limit if the parties so agree, but absolutely requires compliance with the 21–day rule absent such agreement. It also states, in boldface, capital letters, that:

> **ANY PARTY THAT FAILS TO TIMELY SUBMIT RESPONSIVE PAPERS PURSUANT TO THE TERMS OF THIS AMENDED GENERAL ORDER SHALL, UNLESS GOOD CAUSE IS SHOWN, BE DEEMED TO HAVE CONSENTED TO THE RELIEF SOUGHT BY THE OTHER PARTY/PARTIES.**

Canfield failed to forward the required "responsive papers" to the defendant.

On October 30, the defendant filed its summary judgment motion anyway, as it was entitled to do under the local rules. Finally, on November 14, Canfield filed a Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. One week later, the district court ordered her complaint dismissed with prejudice. In its order, the court explained that Canfield had not complied with G.O. # 41, nor had she shown good cause or exceptional circumstances justifying her failure to do so. The court therefore deemed her to have consented to the dismissal of her claims.

Canfield then filed a Rule 60(b) motion requesting that the district court vacate the order of dismissal. In his supporting affidavit, Canfield's attorney stated that the failure to comply with G.O. # 41 was not his client's fault, but his own. He offered two explanations for his error. First, he said that, during the relevant period, he was "heavily involved in [his] bid for the 124th Assembly District in New York State." Second, he stated that, "due to an administrative oversight the papers were [put in the office file] pending a Court date," and "[c]ounsel mistakenly believed responsive pleadings were not due until a return date for the motion was set." On the basis of those facts, counsel argued that the dismissal should be vacated because his failure to comply with G.O. # 41 was a matter of "excusable neglect" and did not detract from the merits of Canfield's claims.

On December 30, the district court denied Rule 60(b) relief. In its order, the court noted the reasons Canfield's attorney offered for his error. It also specifically listed some of the other circumstances it considered in reaching its conclusion. Those circumstances included the facts: (1) that the defendants had notified Canfield of the requirements of G.O. # 41; (2) that G.O. # 41 expressly provides that a return date for a summary judgment motion will not be selected until the motion is fully briefed and ready for filing; and (3) that G.O. # 41 includes the boldface, capitalized language reproduced above.

Canfield now appeals the order denying her Rule 60(b) motion.

## II. Discussion

■ We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. *Kotlicky v. United States Fidelity & Guar. Co.,* 817 F.2d 6, 8 (2d Cir.1987).

Prior to the Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74

(1993), we adhered to a firm rule that "[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir.1985) (rejecting a claim of excusable neglect under Fed. R.App. P. 4(a)(5)). And that rule applied with equal force to a party's failure to comply with a local rule of court. *See, e.g., Wakefield v. Northern Telecom, Inc.*, 813 F.2d 535, 542 (2d Cir.1987).

In *Pioneer*, however, the Supreme Court "established a more liberal standard for determining whether there had been 'excusable neglect.'" *United States v. Hooper*, 43 F.3d 26, 28 (2d Cir.1994). Although *Pioneer* interpreted "excusable neglect" in the context of Bankruptcy Rule 9006(b)(1), the Court analyzed that term as it is used in a variety of federal rules, including Rule 60(b)(1). *See* 507 U.S. at 393–94, 113 S.Ct. at 1497–98. For that reason, we have held that *Pioneer's* more liberal definition of excusable neglect is applicable "beyond the bankruptcy context where it arose." *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir.1994) (applying definition to Fed. R.App. P. 4(a)(5)); *see also United States v. Hooper*, 9 F.3d 257, 259 (2d Cir.1993) (*Pioneer* "draws upon the use of ['excusable neglect'] in other federal rules," and "nothing ... limits its interpretation ... to the Bankruptcy Rules.").

The Supreme Court in *Pioneer* explained that the term "neglect," for purposes of interpreting "excusable neglect" in the federal rules, has its normal, expected meaning: inadvertence, carelessness, and mistake. *See* 507 U.S. at 388, 113 S.Ct. at 1494. It then reasoned,

> [a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

507 U.S. at 392, 113 S.Ct. at 1496 (footnote omitted). The Court explicitly stated that, "at least for purposes of Rule 60(b), 'excusa-

ble neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394, 113 S. Ct. at 1498.

In light of its interpretation of "neglect" as "negligence," the Court noted that the "excusable" portion of "excusable neglect" must provide the limitations necessary to prevent abuse by the parties. "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S.Ct. at 1498.

▮ In short, per se rules like the one in *Cosmopolitan Aviation* do not perdure after *Pioneer. See Hooper*, 43 F.3d at 28 (noting that *Pioneer* overruled this circuit's prior "excusable neglect" standard under Fed. R.App. P. 4(b)); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir.1997). As one court explained it, *Pioneer* "noted that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not *usually* constitute 'excusable neglect.' Thus, although a late filing will ordinarily not be excused by negligence, that possibility is by no means foreclosed." *Id.* (quoting *Pioneer*, 507 U.S. at 392, 113 S.Ct. at 1496 (emphasis added)) (footnote omitted). In accordance with that holding, a finding that the failure to comply with a filing deadline was excusable may in some circumstances be appropriate. For example, neglect may be excusable where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules. Other grounds may exist, but we need not canvass them today. *See generally Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498 (listing some factors relevant to an equitable determination of excusable neglect).

▮ But we do not believe that the possibility that a court may properly find excusable neglect on such grounds alters the principle that failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect. We are not alone in that view. *See, e.g., Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931–32 (9th Cir.1994) (holding that, where counsel failed to offer a persua-

sive justification for failing to comply with Fed. R. Civ. P. 6(e) and local court rules, there was "no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect"). And, we have not hesitated to reiterate the old rule at the same time that we have applied *Pioneer*'s equitable test in determining whether failure to comply with a filing deadline constituted excusable neglect. *See, e.g., Weinstock*, 16 F.3d at 503 (quoting *Cosmopolitan Aviation*'s statement of the pre-*Pioneer* automatic rule, but then engaging in an "equitable determination" taking into account "all relevant factors"). Where, as in *Weinstock*, the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.

For this reason, we conclude that the district court did not abuse its discretion in determining that a finding of excusable neglect was unwarranted here. Indeed, it is hard to imagine any other result following from the facts of this case. As the district court noted, the language of G.O. # 41 is unambiguous. Under that language, Canfield was required to respond to the defendant's summary judgment motion within 21 days, and her failure to do so was expressly described as consent to the dismissal of her claims, absent a showing of good cause. Moreover, the cover letter accompanying the summary judgment motion clearly and accurately restated the pertinent requirements of the rule. Counsel's failure to read and obey an unambiguous court rule—especially when the opposing party told him what the rule said—was not excusable. And the fact that counsel was preoccupied with his bid for public office does not alter this conclusion. The district court properly took into account these and all other relevant circumstances, and its granting of dismissal with prejudice was entirely proper.

The judgment of the district court is affirmed.