Rui M. ROSA, Ilda F. Rosa, Rosanna Barnaby, Sammy A. Meyers, Charlotte Small, Miguel Rodriguez, Miriam Rodriguez, Delores Wright, Charles A.

Plaza, Mafalad A. Plaza, Joann F. Kaplan, Louise Hewitt, Jerry Hewitt, Sandra Mills, Dean P. Mills, Venetta Lewis, Marshall Lewis, Lavern Grant–Joseph, Ann Galbert, Linford J. Galbert, Barbara Goldberg, Hiron Johnson, Jacqueline Johnson, Stuart Sanders, Alison Sanders, Eileen Johnson, Plaintiffs,

Billy Hendricks, Plaintiff–Appellant,

v.

**DOVENMUEHLE MORTGAGE INC.,
First Union, Cityscape, Wilshire
Funding Corp., Defendants,**

Mechanics Savings Bank, Alan Temkin, Argo Fed'l Savings Bank, Alan Temkin Associates, Inc., Source One Mortgage Corp., Defendants–Appellees,

v.

Nationscredit Financial Corp., Movant.

No. 02–9460.

United States Court of Appeals, Second Circuit.

April 22, 2004.

Billy Hendricks, West Hartford, Ct., for Appellant, pro se.

Michael Shea (Robin Schwartz, on the brief), Day, Berry & Howard, L.L.P., Hartford, Ct., for Mechanics Savings Bank, for Appellees.

Edward J. Heath, Robinson & Cole, LLP, Hartford, Ct., for Movant.

Present: NEWMAN, KEARSE, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiffs-appellants, Billy and Deloise Hendricks, *pro se,* appeal the district court's judgment dismissing their complaint alleging claims under, *inter alia,* 18 U.S.C. §§ 1341 and 1962, on the grounds that the Hendrickses failed to comply with the district court's scheduling order. The parties' familiarity with the facts is assumed.

This Court has held that a motion requesting that the district court reconsider its decision to dismiss an action based on an alleged error should be treated as a motion pursuant to Fed.R.Civ.P. 60(b). *See Friedman v. Union Bank of Switzerland AG (In re Holocaust Victim Assets Litig.),* 282 F.3d 103, 107 (2d Cir.2002). In its order, the district court essentially construed the motion to reopen as a Rule 60 motion.

Rule 60(b) allows a district court to relieve a party from a final judgment for several reasons, including "excusable neglect," or any reason "justifying relief from the operation of the judgment." *See* Fed. R.Civ.P. 60(b). However, such relief is only warranted under "extraordinary circumstances," or to prevent "extreme and undue hardship." *See DeWeerth v. Baldinger,* 38 F.3d 1266, 1272 (2d Cir.1994) (internal quotations and citations omitted). This Court reviews district court rulings on Rule 60(b) motions for abuse of discretion. *See Rodriguez v. Mitchell,* 252 F.3d 191, 200 (2d Cir.2001).

■ In this case, the Hendrickses have not demonstrated any "extraordinary circumstances" or "extreme and undue hardship" that would justify reopening their

case. Their sole argument is that the complaint was dismissed and the motion to reopen was denied on unfair technical grounds. The Hendrickses were counseled before the district court. Neither the Hendrickses nor their counsel made any attempt whatsoever to comply with the district court's February 2002 trial preparation order, which specifically warned that "[n]on-compliance . . . can result in an automatic dismissal." *Rosa v. Mechs. Sav. Bank,* No. 99 CV 2550, Trial Preparation Order at 1 (D.Conn. Feb. 1, 2002)("TPO"). Additionally, they inadequately attempted to comply with the district court's order to show cause by submitting a procedurally deficient document. Although, by its order entered on September 11, 2002, the district court refused to enter that document into the record, and returned it two days before it was due, the district court did not dismiss their case for failure to comply with the order to show cause until October 22, 2002—over forty days later. During that period of time, neither the Hendrickses nor their counsel cured the deficiency, or sought an extension of time in which to properly re-file their submission. Although counsel noted in a letter addressed to the court that he cured the defective reply to the order to show cause on October 10, 2002, there is no support in the record that said document was properly sent to the district court, or that said document was ever received by the district court.[1]

Even assuming, *arguendo,* that the reply had been prepared properly and timely filed, the district court correctly determined that the reply was without merit and did not entitle the Hendrickses to any relief. As the district court noted, "[o]n September 11, 2002, the Clerk's Office re-turned a filing purporting to be a response to the Order to Show Cause that was in fact an amended motion for summary judgment. Plaintiffs' motion is not responsive to the Court's Order to Show Cause, and fails to account for past deficiencies in failing to comply with the TPO." *Rosa v. Mechs. Sav. Bank,* No. 99 CV 2550, Order at 1 (D.Conn. Nov. 25, 2002).

Additionally, the excusable neglect provision of Rule 60(b) is not availing in the instant appeal. The Supreme Court has noted that, "the [excusable neglect] determination [under Rule 60(b)] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Nevertheless, this Court has held that failure to follow the clear and unambiguous language contained in a district court order will generally not constitute such excusable neglect. *See Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250 (2d Cir.1997)(per curiam). Here, as noted above, Hendricks failed to follow two district court dictates—the February 2002 TPO, and the September 2002 order to show cause. This blatant disregard for the district court's orders does not constitute excusable neglect. Thus, the district court did not abuse its discretion in denying the Hendrickses' motion to reopen.

Although the notice of appeal clearly notes that the Hendrickses seek to appeal the denial of their motion to reopen, their appeal can be liberally construed as challenging the dismissal order as well. In cases where entry of a separate judgment is required, the failure of the district court

---

1. We do not consider whether counsel's dereliction in this case is grounds for a claim for malpractice.

to enter one means that a notice of appeal is timely even if it was not filed after entry of the final order in the action within the time period specified in Rule 4(a). *See Selletti v. Carey,* 173 F.3d 104, 109–10 (2d Cir.1999). Thus, because a separate final judgment dismissing their complaint was not filed by the district court, the notice of appeal is timely for the challenge to the dismissal order as well.

Although the district court did not expressly dismiss the Hendrickses' complaint pursuant to Rule 41(b), the court's language in its order dismissing the complaint intimates that the dismissal was for failure to prosecute. This Court reviews a district court's dismissal of a complaint for failure to prosecute for an abuse of discretion. *See LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001). The propriety of such a dismissal depends on the balancing of five factors, none of which are dispositive: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that the failure to comply would result in a dismissal; (3) any prejudice to the defendants caused by further delay in the proceedings; (4) the court's interest in managing its docket as compared with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the district court adequately considered lesser sanctions. *See Selletti v. Carey,* 173 F.3d 104, 111 (2d Cir.1999). As set forth above, the district court did not abuse its discretion in dismissing the Hendrickses' complaint for failure to prosecute. Specifically, the court acted within its discretion because: (1) the Hendrickses received two warnings—in the TPO and in the order to show cause—that their complaint would be dismissed if they failed to comply with certain deadlines; (2) they were counseled; and (3) their reply to the order to show cause lacked any merit whatsoever.

The judgment of the district court is **AFFIRMED.**