UNITED STATES of America ex rel.
Kimberly MOYE, Kimberly
Moye, Plaintiffs,

v.

Diane STRODE, Defendant.

No. 3:09cv1513 (MRK).

United States District Court,
D. Connecticut.

Dec. 10, 2010.

Frederic S. Brody, Connecticut Legal Services, Inc., Stamford, CT, Maureen P. O'Connor, Connecticut Legal Services, Inc., Bridgeport, CT, for Plaintiffs.

Thomas J. Weihing, Daly, Weihing & Bochanis, Bridgeport, CT, for Defendant.

### RULING AND ORDER

MARK R. KRAVITZ, District Judge.

Plaintiff–Relator Kimberly Moye initiated this False Claims Act case against Defendant Diane Strode on September 16, 2009. Ms. Moye alleges that Ms. Strode agreed to rent a house to her for $1,300.00 per month—which Ms. Moye intended to pay for in part with her federal Section 8 Housing Choice Voucher—and that Ms. Strode later forced Ms. Moye to sign a second lease raising the rent to $1,550.00 per month. Pending before the Court is Ms. Strode's Motion to Vacate Default Judgment [doc. # 24]. For the reasons set forth below, the Court GRANTS the motion and vacates its earlier Ruling and Order [doc. # 21] granting default judgment against Ms. Strode.

### I.

The Court entered default judgment against Ms. Strode because she failed to answer or otherwise respond to Ms. Moye's Complaint [doc. # 3] in a timely fashion. Ms. Moye served Ms. Strode on June 16, 2010, and Ms. Strode's answer was therefore originally due on July 7, 2010. Ms. Strode failed to appear or answer on time, and the Court directed Ms. Moye to move for default entry if Ms. Strode still had not filed an answer by August 23, 2010. See Order [doc. # 13]. Ms. Moye thereafter moved for default entry. See Mot. for Default Entry [doc. # 15]. The Court entered default and directed Ms. Moye to move for default judgment by September 22, 2010. See Order [doc. # 16].

On September 1, 2010, counsel for Ms. Strode filed his initial Notice of Appearance

[doc. # 17] and moved for additional time to file an answer.[1] See First Mot. for Extension of Time [doc. # 18]. The Court gave Ms. Strode until October 29, 2010—that is, until 114 days after her answer was originally due—to file an answer. See Order [doc. # 19]. Ms. Strode failed to file an answer by the October 29, 2010 deadline. Ms. Strode neither moved for additional time to file an answer, nor moved the Court to vacate its Order [doc. # 16] granting default entry.

On November 10, 2010, twelve days after Ms. Strode's answer was due, Ms. Moye moved for default judgment. Although the Court's original Order [doc. # 16] granting default entry directed Ms. Moye to move for default judgment no later than September 22, 2010, it was reasonable for Ms. Moye to wait until after September 22, 2010 to move for default judgment in light of the fact that the Court had granted Ms. Strode additional time to file an answer. Ms. Moye sensibly waited until nearly two weeks after the deadline for Ms. Strode's answer passed before moving for default judgment. On November 12, 2010, the Court granted default judgment against Ms. Strode, see Order [doc. # 21], and referred this case to United States Magistrate Judge William I. Garfinkel for an evidentiary hearing on damages. See Order [doc. # 22].

After the Court entered default judgment against Ms. Strode, Ms. Strode filed an Answer [doc. # 23] on November 15, 2010, and the pending Motion to Vacate Default Judgment [doc. # 24] on November 16, 2010. In support of the motion, Ms. Strode points out that Ms. Moye did not move for default judgment by September 22, 2010 as ordered by the Court. See Mot. to Vacate Default J. [doc. # 24] at 3. Counsel for Ms. Strode asserts that he simply neglected to "diary" the October 29, 2010 deadline for filing an answer, Att'y Weihing Aff. [doc. # 26] ¶ 11, and that he did not become aware that the deadline for filing an answer had passed until Ms. Moye moved for default judgment on

---

1. In the Court's Ruling and Order [doc. # 21] granting default judgment against Ms. Strode, the Court mistakenly indicated that counsel for Ms. Strode filed his initial appearance in this case on September 18, 2010. It was counsel for

Ms. Moye who filed a Notice of Appearance [doc. # 14] on that date, not counsel for Ms. Strode. Counsel for Ms. Strode did not appear until September 1, 2010. See Notice of Appearance [doc. # 17]. The Court regrets its error.

**416**

November 10, 2010. *See id.* ¶¶ 12–13. Counsel for Ms. Strode further asserts that, "[s]o as not to delay the instant case," he prepared an answer as quickly as possible instead of filing a second motion for extension of time or a response to Ms. Moye's Motion for Default Judgment [doc. # 20]. *See id.* ¶ 14. Ms. Moye opposes the pending motion and argues that Ms. Strode's failure to file a timely answer and thereby avoid default judgment was the result of gross negligence rather than excusable neglect. *See* Objection to Mot. to Vacate Default J. [doc. # 29] at 3.

## II.

█ This Court may set aside a default entry for good cause, but may only vacate a default judgment in accordance with the provisions of Rule 60(b). *See* Fed.R.Civ.P. 55(c); *New York v. Green,* 420 F.3d 99, 104 (2d Cir.2005). Under Rule 60(b), the Court may vacate a judgment for a variety of reasons, including for "mistake, inadvertence, surprise, or excusable neglect." Fed. R.Civ.P. 60(b)(1). "[A] default judgment is 'the most severe sanction which [a] court may apply,' " *Green,* 420 F.3d at 104, and in determining whether a default judgment resulted from excusable neglect, Second Circuit precedent requires this Court to consider "(1) whether the [defendant's] default was willful; (2) whether setting the default [judgment] aside would prejudice the [plaintiff]; and (3) whether a meritorious defense is presented." *Swarna v. Al–Awadi,* 622 F.3d 123, 142 (2d Cir.2010) (citation omitted). To conclude that a defendant's default was willful, the Court must find " 'more than mere negligence' on the part of the defendant in defaulting." *Id.* (citation omitted). To determine whether setting aside a default judgment would prejudice the plaintiff, the Court "must consider the effect of the delay caused by the defendant's default, such as thwarting 'plaintiff's recovery or remedy ..., result[ing] in the loss of evidence, creat[ing] increased difficulties of discovery, or provid[ing] greater opportunity for fraud and collusion.' " *Id.* (alterations in original) (citation omitted). To determine whether a meritorious defense has been presented, the Court must consider whether the defendant

has "present[ed] evidence of facts that, if proven at trial, would constitute a complete defense." *Id.* (citation omitted). The forgiving excusable neglect standard that the Second Circuit has articulated in the default judgment context reflects the Second Circuit's strong "preference for resolving disputes on the merits." *Green,* 420 F.3d 99, 104 (citation omitted).

## III.

█ Each of the three factors that the Second Circuit articulated in *Swarna v. Al–Awadi,* 622 F.3d at 142, favors a finding that the default judgment against Ms. Strode resulted from excusable neglect. First, although it is surely true that a client cannot be excused from the consequences of his or her attorney's failure to comply with deadlines, *see Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666–67 (2d Cir.1980), the Court credits Attorney Weihing's representation that he simply forgot about the answer deadline because he did not write it down. There is simply no basis upon which the Court could conclude that counsel for Ms. Strode was "more than mere[ly] negligen[t]" in failing to file a timely answer. *Swarna,* 622 F.3d at 142. Second, Ms. Moye has given the Court no reason to believe that the delay caused by Ms. Strode's counsel's negligence in any way thwarted Ms. Moye's ability to recover. *See id.* The Court has no reason to believe that the delay resulted in loss of evidence, that the delay will make discovery more difficult, or that the delay in any way provided Ms. Strode with new opportunities to engage in fraud or collusion. *See id.* Third, in support of the pending motion, Ms. Strode alleges that she never agreed to rent her house to Ms. Moye for $1300.00 per month, that the agreed-upon price was always $1550.00 per month, and that someone forged Ms. Strode's signature on the alleged first lease at issue in this case. Ms. Strode has provided copies of the two leases to the Court, and it does appear that the signatures on the two leases may not match. *See* Ex. A & Ex. B to Mot. to Vacate Default J. [doc. # 24] at 11, 13. If Ms. Strode is able to prove that she never agreed to rent her house for less than $1,500.00 per month, that

would be a complete defense to both the federal law claims and the state law claims against Ms. Strode in this case. *See* 31 U.S.C. § 3729; Conn. Gen.Stat. §§ 47a–21(d)(2), 42–110a. For those reasons, the Court concludes that the default judgment against Ms. Strode resulted from her and her counsel's excusable neglect, and that under Rule 60(b)(1), the default judgment the Court entered against Ms. Strode should be vacated.

The cases Ms. Moye relies on in opposition to the pending motion are not to the contrary. If anything, those cases establish that the excusable neglect standard is a forgiving and liberal standard. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 389, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) ("The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness.'" (alterations in original) (citation omitted)); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir.1997) ("In *Pioneer* ... the Supreme Court 'established a more liberal standard for determining whether there had been "excusable neglect."'"). Further, even if those cases were to the contrary, they all involved application of the excusable neglect standard at much later stages of litigation. *See, e.g., Canfield*, 127 F.3d at 248–49 (affirming a district court order granting a defendant's summary judgment motion after the plaintiff failed to oppose it in a timely fashion). Ms. Moye makes no attempt to square those cases with *Swarna*, in which the Second Circuit specifically addressed the factors that this Court must consider when determining whether a default judgment resulted from a defendant's excusable neglect. *See* 622 F.3d at 142. Because the issue here is whether the default judgment against Ms. Strode resulted from excusable neglect, this Court has no choice but to follow *Swarna*.

## IV.

For the foregoing reasons, Ms. Strode's Motion to Vacate Default Judgment [doc. # 24] is GRANTED and the Court's Ruling and Order [doc. # 21] granting default judg-

ment is VACATED. As a result, the Court's Order [doc. # 22] referring this case to Magistrate Judge Garfinkel for a hearing on damages is also VACATED. The parties shall confer in accordance with Rule 26(f) as soon as possible, and must submit a Rule 26(f) report to the Court no later than January 14, 2010. The Court will discuss the 26(f) report with the parties during the Telephonic Status Conference scheduled for January 20, 2010 at 8:30 AM.

IT IS SO ORDERED.