**Ahmed ZUBAIR, Plaintiff,**

v.

**ENTECH ENGINEERING P.C. and Soudabey Bayat, Defendants.**

**No. 09 Civ. 7927 (VM).**

United States District Court, S.D. New York.

Feb. 6, 2013.

Joshua Samuel Carlo Parkhurst, Melissa Sy Chan, Cary Kane LLP, New York, NY, for Plaintiff.

Jeffery Alan Meyer, Kaufman, Dolowich, Voluck & Gonzo LLP, Woodbury, NY, for Defendants.

*AMENDED DECISION AND ORDER*

VICTOR MARRERO, District Judge.

By Decision and Order dated October 1, 2012, 900 F.Supp.2d 355, 2012 WL 4887738, issued following a bench trial of this action, the Court found defendants Entech Engineering, P.C. ("Entech") and Soudabey Bayat ("Bayat," and together with Entech, "Defendants") liable on plaintiff Ahmed Zubar's ("Zubair") claims for unpaid overtime wages. The Court directed the parties to settle and submit a judgment setting forth the amounts Zubair was entitled to recover as damages and attorney's fees and costs. Zubair submitted a proposed judgment. While not agreeing with the amounts Zubair calculated, De-

 

fendants indicated that they would not submit their own proposal to contest Zubair's request. The Court endorsed the judgment, which was entered in the docket on December 18, 2012.

In accordance with Federal Rule of Appellate Procedures 4(a), the time permitted for Defendants to file a Notice of Appeal expired on January 17, 2013, thirty days after the date of entry of the judgment. By motion filed on January 17, 2013, Defendants seek an extension of time, pursuant to Federal Rule of Appellate Procedure 4(a)(5), to file a Notice of Appeal. The reason Defendants state for failing to file a timely Notice of Appeal is that Bayat, the principal of Entech, had been out of the country for a period of time after the entry of judgment and was unable to arrange to retain appellate counsel.

The Court is not persuaded that Defendants have made a sufficient showing of excusable neglect or good cause to warrant relief. Defendants knew as early as October 1, 2012 that the Court had ruled against them on the underlying issues of liability and counsel's fees. While the judgment was not formally entered until December 18, 2012, Defendants were on notice about what to expect and could have begun to make arrangements much sooner to pursue a timely appeal. The filing of a Notice of Appeal entails a simple procedure requiring minimal effort, a matter that can be accomplished by filling out a one-page pre-printed form available on the Court's website. Compliance with the rule does not demand any specialized skills or the services of appellate counsel. The notice could have been filed by Defendants' trial counsel, or by Defendants themselves, as they apparently were able to do in connection with filing the instant motion.

In sum, Defendants do not point to any circumstances beyond their control, or to any other reasons that courts have recognized as satisfying the excusable neglect or good cause standard prescribed by Fed. R.App. Proc. 4(a)(5). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Part.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250–51 (2d Cir.1997); *Chiulli v. IRS,* No. 03 Civ. 6670, 2005 WL 2446233, at *1–4 (S.D.N.Y. Oct. 4, 2005). Accordingly, Defendants' motion is DENIED.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 45) of defendants herein for an extension of time to file a Notice of Appeal is DENIED.

**SO ORDERED.**