17-3818-cv
Dixon v. State of New York et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand eighteen.

PRESENT: RALPH K. WINTER,
JOHN M. WALKER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

ANGELA S. DIXON,

*Plaintiff-Appellant,*

v.                                                    No. 17-3818-cv

STATE OF NEW YORK; OFFICE OF THE NEW YORK STATE COMPTROLLER,

*Defendants-Appellees.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | MICHAEL H. SUSSMAN, Sussman and Associates, Goshen, NY. |
| FOR DEFENDANTS-APPELLEES: | MEREDITH SAVITT, Law Office of Meredith H. Savitt, P.C., Delmar, NY. |

Appeal from a November 14, 2017, order of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Plaintiff-Appellant Angela Dixon, an African-American woman, sued her employers, Defendants-Appellees the State of New York and the Office of the New York State Comptroller, alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* On September 29, 2017, the district court granted Defendants-Appellants' motion to dismiss the complaint for failure to state a claim, and entered a judgment dismissing the action.

Dixon's deadline to file the requisite notice of appeal with the district court was October 30, 2017.[1] She missed the deadline. On November 3, 2017, Dixon moved pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A) for an extension of time to file a notice of appeal. Defendants-Appellees opposed, and the district court denied the motion on November 14, 2017. Dixon timely appealed the district court's November 14 order denying her motion for an extension of time. We assume the parties' familiarity with the facts and proceedings below, and repeat them only as necessary to explain our decision to affirm.

In support of Dixon's motion for an extension of time, her attorney Michael H. Sussman submitted an affidavit to explain why Dixon's failure to timely file a notice of appeal was excusable neglect. Sussman attributed the late filing to Dixon's initial indecision about whether to appeal and to his own personal and professional obligations in the three days before the filing deadline.

The district court denied the motion by text order, adopting the arguments in Defendants-Appellees' memorandum of law[2] and making several findings of its own. These findings were as follows: (1) that Defendants-Appellees failed to show prejudice

---

[1] A notice of appeal is ordinarily due thirty days after judgment is entered. *See* Fed. R. App. P. 4(a)(1)(A). But because October 29, 2017, was a Sunday, Dixon's notice of appeal was due the following day. *See* Fed. R. App. P. 26(a)(1)(C).

[2] The memorandum of law was not included in the record on appeal but is available on the district court docket. *Dixon v. State of New York*, 16-cv-1184, Dkt. # 24 (N.D.N.Y. Nov. 9, 2017).

2

from the late filing; (2) that the delay was slight; (3) that although Sussman was "relatively frank in acknowledging that the delay was due to his own negligence," he was "not specific regarding the several pieces of obviously missing information identified by Defendants;"[3] and (4) that the reasons for the delay were ordinary and within Sussman's control.   J. App. at 5, Dkt. # 27.   The court found that the first two findings weighed slightly in favor of granting Dixon's motion, but the third finding weighed slightly against and the fourth weighed strongly against granting the motion.   Thus, the court concluded that the motion should be denied "even if the correct legal standard were to strictly weigh the four above-described factors (rather than to loosely weigh them with an eye toward preventing abuse by movants)."   *Id.*   This appeal followed.

A district court "may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed [for the filing of a notice of appeal] expires; and (ii) . . . that party shows excusable neglect or good cause."   Fed. R. App. P. 4(a)(5)(A). We review a district court's ruling on a Rule 4(a)(5) motion for abuse of discretion. *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir. 2004).   Thus, we reverse such an order only if we have "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion that it reached upon a weighing of the relevant factors."   *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 362 (2d Cir. 2003) (citation omitted).

Our standard for evaluating excusable neglect comes from the Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1998).   *See Silivanch*, 333 F.3d at 365–66.   Factors to consider include "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.   The *Pioneer* test looks to the both the movant's and her counsel's actions to determine whether neglect is excusable.   *Id.* at 397.   We have held in the context of a Rule 4(a)(5) motion that, because the prejudice, length of delay, and good faith factors typically favor the moving party, "it is the third factor—the reason for the delay—that predominates."   *Williams*, 391 F.3d at 415; *accord Silivanch*, 333 F.3d at 366.   We have also said that "failure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect."   *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997); *see also id.* at 251 ("Where . . . the rule is entirely

---

[3] These included, *inter alia*, why Sussman waited two weeks before telling Dixon about the dismissal; on what date Dixon advised Sussman that she wanted to proceed with the appeal; why another lawyer at Sussman's firm did not file the notice of appeal for him; and why Sussman could not have filed the notice of appeal between his professional obligations on the day it was due.

clear, . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.").

On appeal, Dixon contends the district court abused its discretion by ruling that she had not shown excusable neglect warranting an extension of time to file a notice of appeal. We disagree.

The November 14, 2017, order correctly applied the four-factor *Pioneer* test. district court reasonably found that factors one and two—the lack of prejudice to Defendants-Appellees and the short delay—weighed slightly in Dixon's favor. *See Williams*, 394 F.3d at 415. The court then found that factor four, good faith, weighed slightly against Dixon, because Sussman's affidavit was not specific about certain "obviously missing information identified by" Defendants-Appellees.[4] J. App. at 5, Dkt. # 27. Indeed, Sussman's narrative fails to completely explain why the notice of appeal was filed late, and we cannot say it was clearly erroneous for the district court to infer some bad faith from Sussman's failure to provide certain details. As to factor three, the court found that the reasons for the delay were sufficiently "ordinary" and within Sussman's control as to weigh strongly against granting Dixon's motion. Based on Sussman's affidavit and the arguments that Defendants-Appellees articulated in the memorandum of law they submitted to the district court, this was not an abuse of discretion. In particular, it was not unreasonable for the court to conclude that Sussman inexcusably failed for three days to prepare and electronically file a standard, one-page notice, *see, e.g.*, J. App. at 7, or to ask another employee at his firm to do so.

Finally, we find no abuse of discretion in the district court's weighing of all four factors, which it did both "strictly" and "loosely . . . with an eye toward preventing abuse by movants."[5] J. App. at 5, Dkt. # 27. The court was within its discretion to weigh what

---

[4] We note that the district court discussed the four *Pioneer* factors slightly out of order: its fourth finding clearly corresponds with factor three, the reason for the delay, and we easily interpret its third finding as addressing factor four, bad faith. For this reason, Dixon's argument that the district court abused its discretion by determining that bad faith cut strongly against her is incorrect—the district court actually found that the third factor, reason for delay, cut strongly against Dixon.

[5] We reject Dixon's contention that the district court erroneously adopted Defendants-Appellees' argument that, "since [Dixon] failed to comply with the rule by timely noticing her intent to appeal, [she] should be denied relief." Plaintiff-Appellant's Br. at 13. By weighing all four *Pioneer* factors, the court did not deny relief based solely on Dixon's non-compliance with the rule. Dixon also mischaracterizes Defendants-Appellees' argument adopted by the district court—they did not argue for such a strict rule.

it perceived as Sussman's inadequate reasons for the delay more heavily than the other factors, either on the facts of this case or in light of our guidance that this is the most important factor in the Rule 4(a)(5) context.   *See Williams*, 391 F.3d at 415.

* * *

We have considered Plaintiff-Appellant's remaining arguments and conclude that they lack merit.   Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

Similarly, the fact that the district court analyzed the four factors both with and without considering potential abuse by litigants undermines Dixon's argument that the court lacked a "basis" to find that "the instant circumstances suggest some form of abuse" by Dixon.   *See id.*

5