21-1242-cv
Lawtone-Bowles v. Brown

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-two.

PRESENT:  DENNY CHIN,
                RAYMOND J. LOHIER, JR.,
                BETH ROBINSON,
                   *Circuit Judges*.

-----------------------------------------------------------------

NICOLE LAWTONE-BOWLES,

        *Plaintiff-Appellant*,

     v.                                                      No. 21-1242-cv

PHIONAH BROWN,

        *Defendant-Appellee,*

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF HLMI TRUST 2002AFC1 (USBANK), SELECT

PORTFOLIO SERVICING (SPS), STEVEN J. BAUM, P.C.,

*Defendants*.

---------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:     NICOLE LAWTONE-BOWLES, *pro se*, Highland Falls, NY

FOR DEFENDANT-APPELLEE:     KENNETH FLICKINGER, Eckert, Seamans, Cherin & Mellott LLC, White Plains, NY

Appeal from an order of the United States District Court for the Southern District of New York (Philip M. Halpern, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the April 16, 2021 order of the District Court is AFFIRMED.

Appellant Nicole Lawtone-Bowles, pro se, sued U.S. Bank National Association ("U.S. Bank"), Select Portfolio Servicing ("SPS"), Steven J. Baum, P.C., and Phionah Brown, alleging federal and state law causes of action related to an assignment of the mortgage on her home. U.S. Bank, SPS, and Baum (the "Unserved Defendants") were never properly served, though Brown was. The District Court (Halpern, J.) ordered Lawtone-Bowles to show cause why the action should not be dismissed as to the Unserved Defendants for failure to serve them under Federal Rules of Civil Procedure 4(m) and 41(b). Although the District Court gave Lawtone-Bowles a deadline within which to file her response,

she failed to respond by the deadline. The District Court then dismissed the claims for failure to prosecute against U.S. Bank, SPS, and Baum.[1] Lawtone-Bowles moved for reconsideration, claiming that she had in fact responded to the order to show cause but that it had not been filed on the district court docket. The District Court construed Lawtone-Bowles's motion as one under Federal Rule of Civil Procedure 60(b)(1) and denied it, finding that Lawtone-Bowles had failed to establish excusable neglect for her failure to timely file a response to the order to show cause because she had failed to check whether her response had been filed. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the denial of a Rule 60(b) motion for relief from judgment for abuse of discretion.[2] Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125

---

[1] In a separate order issued on the same day, the District Court granted Brown's motion to dismiss. That decision is not the subject of Bowles's notice of appeal and we therefore have no jurisdiction to consider it. In any event, on appeal Bowles has abandoned any arguments as to the dismissal of the claims against Brown. See Shakur v. Selsky, 391 F.3d 106, 119 (2d Cir. 2004).

[2] The District Court properly construed Lawtone-Bowles's motion for reconsideration of the order dismissing the case for failure to prosecute as a Rule 60(b) motion. As the District Court noted, the motion would have otherwise been untimely under Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

(2d Cir. 2011). A court abuses it discretion when "its decision rests on an error of law or a clearly erroneous factual finding" or "cannot be found within the range of permissible decisions." Id.

Rule 60(b)(1) permits relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). It is a "mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quotation marks omitted). District courts should consider several factors when resolving Rule 60(b)(1) motions, including (1) the "danger of prejudice" to the non-moving party, (2) the "length of the delay and its potential impact on judicial proceedings," (3) the "reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see also Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997).

Lawtone-Bowles claims that she is entitled to relief under Rule 60(b)(1) based on excusable neglect.[3] Applying the proper legal standard, however, the

---

[3] On appeal, Lawtone-Bowles contends that her motion is also brought under Rule 60(b)(3), which permits relief from a judgment on the basis of fraud, misrepresentation,

4

District Court reasonably concluded that Lawtone-Bowles failed to check that her response to the order to show cause was filed even though she was on notice that it was her responsibility to ensure that the documents she sought to file appeared on the docket and although she was advised that if they did not appear, she had to file those documents in paper form. The District Court did not abuse its discretion in finding that Lawtone-Bowles's lack of diligence prevented her from meeting the excusable neglect standard. Cf. Canfield, 127 F.3d at 250 ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." (quotation marks omitted)). The District Court's denial of Lawtone-Bowles's motion was thus not based on an error of law or a clearly erroneous finding of fact, and its decision can be "located within the range of permissible decisions." Yukos Cap. S.A.R.L. v. Feldman, 977 F.3d 216, 234 (2d Cir. 2020) (citation omitted).

---

or misconduct by an opposing party. But because Lawtone-Bowles did not allege any fraud, misrepresentation, or misconduct that bears on the District Court's judgment or its denial of her motion for reconsideration, we construe her motion as filed under Rule 60(b)(1).

We have considered Lawtone-Bowles's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court