24-1106-bk
*In re Ditech Holding Corp.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

In re: Ditech Holding Corporation,

> *Debtor.*

****************************

Kevin Etter,

> *Appellant,*

> v.

Consumer Claims Trustee,

> *Appellee,*

Ditech Holding Corporation,

> *Debtor-Appellee.*

_____

No. 24-1106-bk

| | |
|---|---|
| **FOR APPELLANT:** | KEVIN ETTER, pro se, Yuba City, CA. |
| **FOR APPELLEE:** | Richard Levin, Jenner & Block LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Ho, J.; Parker, M.J.) entered March 29, 2024, affirming an order of the Bankruptcy Court (Garrity, B.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

In 2009, Kevin Etter borrowed approximately $236,000 to purchase a home in Florida, and in 2013 the servicing of that mortgage was transferred to a predecessor of Ditech Holding Corporation. In 2019, Ditech filed for Chapter 11 bankruptcy, and the bankruptcy court set a general bar date of April 1, 2019, which was subsequently extended to June 3, 2019, for consumer claims. After Ditech filed for bankruptcy, Etter sold his Florida home and paid off the mortgage balance. On October 5, 2019—about four months after the June 2019 bar date—Etter filed two identical claims. He labeled one an administrative claim and one a consumer claim; each claim sought $273,505.50. Etter alleged that he overpaid his mortgage

2

balance when he sold his home due to fraudulent loan modification documents that Ditech had required him to sign years before.

The bankruptcy court decided that Etter's purported administrative claim did not qualify for administrative treatment, so his claims were duplicative consumer claims. The bankruptcy court disallowed the claims on the merits and as untimely. *See In re Ditech Holding Corp.*, No. 19-10412, 2023 WL 4943734 (Bankr. S.D.N.Y. Aug. 2, 2023). Regarding timeliness, the bankruptcy court reasoned that Ditech had provided both actual and constructive notice to Etter prior to the bar date and that, because Etter was an unknown creditor, only the constructive notice was required. *See id.* at *20. Ditech had provided constructive notice via publication in the *New York Times* and *USA Today*. Additionally, Etter failed to meet his burden of showing excusable neglect under Federal Rule of Bankruptcy Procedure 9006(b)(1). *See id.* at *21.

The district court affirmed, agreeing with the bankruptcy court that Etter's claims were untimely and that he failed to demonstrate excusable neglect. *See In re Ditech Holding Corp.*, No. 23-CV-7194, 2024 WL 1342811 (S.D.N.Y. Mar. 29, 2024). Etter appealed. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

# I

"In an appeal from a district court's review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law *de novo*." *In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005) (quoting *In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir. 1999)). We review a bankruptcy court's denial of late-filed proofs of claim for abuse of discretion. *See id.* at 124. A bankruptcy court abuses its discretion when its decision rests on "an error of law ... or a clearly erroneous factual finding" or when the decision "cannot be located within the range of permissible decisions, even if it is not necessarily the product of a legal error or a clearly erroneous factual finding." *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007) (internal quotation marks omitted).

Federal Rule of Bankruptcy Procedure 9006(b)(1) "empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382 (1993) (internal quotation marks omitted). When deciding whether to permit such a filing, a court considers the *Pioneer* factors: "the danger of prejudice to the debtor, the length of the delay and its

4

potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. These factors "do not carry equal weight." *Enron Corp.*, 419 F.3d at 123 (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 n.7 (2d Cir. 2003)). This court has adopted a "'hard line' to applying *Pioneer* that emphasizes the reason for the delay," and we have therefore "cautioned 'that the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule.'" *Id.* (alteration omitted) (quoting *Silivanch*, 333 F.3d at 366-68). Indeed, "[a]ffording dispositive weight to that factor accords with our precedents, which have described the reason for the delay as the most important *Pioneer* factor." *Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021). For that reason, "a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Silivanch*, 333 F.3d at 366-67 (quoting *Canfield v. Van Atta Buick/GMG Truck Inc.*, 127 F.3d 248, 251 (2d Cir. 1997)).

## II

We agree with the bankruptcy court that Etter's claims were untimely, and we perceive no abuse of discretion in its determination that Etter did not demonstrate excusable neglect to justify the untimeliness. The reason for delay

strongly weighed against a finding of excusable neglect. The bankruptcy court correctly reasoned that even if Etter did not receive actual notice, as an unknown creditor he was entitled only to constructive notice, which he received when Ditech published notice in the *New York Times* and *USA Today*. "[U]nknown creditors—whose identity is not reasonably ascertainable by the debtor—are entitled only to constructive notice, which may be provided through notice by publication." *In re BGI, Inc.*, 772 F.3d 102, 106 (2d Cir. 2014) (internal quotation marks omitted). Despite receiving the notice that was legally required—and, perhaps, actual notice as well—Etter failed to timely file his claim.

Etter argues that his *pro se* status favors a finding of excusable neglect, but "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392.

\*　　　\*　　　\*

We have considered Etter's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6