**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1986

_____

LILI WAN,
                    Appellant

v.

CENTRAL TRANSPORT LLC

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:22-cv-01206)
District Judge: Honorable Jennifer L. Hall

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2026
Before:  BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: April 2, 2026)

_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lili Wan, proceeding pro se and in forma pauperis, appeals from the District Court's order denying her motion for relief from judgment. We will affirm the judgment of the District Court.

I.

Wan filed a complaint in Delaware state court, alleging that she was injured due to Defendant Central Transport's truck driver's negligence. Central Transport removed the case to federal court on the basis of diversity jurisdiction and, after a period of discovery, moved for summary judgment. Wan filed a one-page, unsworn response to Defendant's summary judgment motion, which reiterated claims from her complaint but did not include any evidentiary material. On March 4, 2024, the District Court granted the defendant's motion for summary judgment. Wan appealed, and our Court affirmed the grant of summary judgment, holding that the District Court was not obligated to consider evidence that Wan did not present or cite to in her motion opposing summary judgment. *See Wan v. Cent. Transp. LLC*, No. 24-1400, 2024 WL 4284935, at *1 (3d Cir. Sept. 25, 2024). We also determined that the evidence she sought to include did not support an inference that Defendant was liable for the injuries she alleged. *See id.* at *1 n.4.

Wan then filed a motion for relief from judgment. When the District Court denied Wan's motion, she filed a motion for reconsideration, which the Court denied. Wan appealed.[1]

---

[1] Wan did not address her motion for reconsideration in her appellate brief, so she has forfeited any challenge to that decision. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016).

II.

We have jurisdiction under 28 U.S.C. § 1291. We review an order denying a Rule 60(b) motion for abuse of discretion. *See Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014).

III.

We agree with the District Court and discern no abuse of discretion in its denial of Wan's Rule 60(b) motion. Wan sought relief for her "excusable neglect" under Rule 60(b)(1), arguing that the District Court failed to provide her proper notice of the requirements to oppose a Rule 56 summary judgment motion. She further argued that she was entitled to relief under Rule 60(b)(2) because she obtained new evidence— specifically, a detailed police report made shortly after the accident.[2] Both arguments lack merit.

Wan argues that her failure to proffer evidence in response to Defendant's summary judgment motion constitutes excusable neglect under Rule 60(b)(1) because she was owed an explanation about how to oppose a summary judgment motion. This is substantially similar to her argument on direct appeal, which we rejected. *See Wan*, 2024 WL 4284935, at *1. Moreover, Wan is mistaken about the District Court's obligation to provide a pro se litigant legal guidance—in fact, we have specifically held that pro se litigants are not entitled to "how-to legal manuals" from the Court, nor can they "flout procedural rules—they must abide by the same rules that apply to all other litigants."

---

[2] On appeal, Wan also argues that she is entitled to relief under Rule 60(b)(6); however, as she did not raise this argument in the District Court, she cannot now argue the issue in our Court. *See Taha v. Cnty. of Bucks*, 862 F.3d 292, 299 (3d Cir. 2017).

3

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245-46 (3d Cir. 2013). Accordingly, we discern no abuse of discretion in the District Court's denial of Wan's 60(b)(1) motion.[3]

Wan also argues that she is entitled to relief under Rule 60(b)(2), because she avers that a police report she obtained from the time of the accident constitutes "newly discovered" evidence that supports her claim. We have explained that, for a party to obtain relief under this rule, the newly discovered evidence must be "(1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably have changed the outcome of the trial." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). Wan's argument fails because the police report could have been discovered prior to summary judgment, and because it is unlikely to have changed the outcome of the motion.

Wan submitted an affidavit demonstrating that, while discovery was ongoing, she was aware that there was a police report from the accident, but she struggled to obtain the necessary document from the police in a timely manner. Even so, that does not excuse her failure to seek assistance from the District Court—perhaps by filing a Rule 56(d)

---

[3] We acknowledge Wan's argument that the District Court should have explicitly addressed the four factors put forward in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). But any such error was harmless. Not only did the District Court's order explain its reason for rejecting the Rule 60(b)(1) motion but, as noted above, Wan's arguments were substantially similar to those already rejected by our Court on direct appeal. Further, as *Pioneer* itself explained, "ignorance of the rules[] or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392; *see also Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (per curiam) (holding that "failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect"); *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000) (holding the same).

motion requesting more time to take discovery before the disposition of the summary judgment motion. *See, e.g.*, *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1310 (11th Cir. 2003) (holding that plaintiffs were not entitled to relief under Rule 60(b)(2) where they were aware that a witness might have evidence and failed to request an extension of time under Rule 56 to obtain more discovery prior to summary judgment). Further, the District Court properly observed that the police report would not change the outcome of the summary judgment motion, because it doesn't provide any independent evidence of the *Defendant's* breach of care (as opposed to, for instance, information concerning her employer's conduct). Wan is therefore not entitled to relief for "newly discovered" evidence, and the District Court properly denied her Rule 60(b)(2) motion.

Accordingly, we will affirm the judgment of the District Court.